**Mickey Allen BROWN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 29, 1996.

Permission to Appeal Denied by Supreme Court July 1, 1996.

454

Mickey Allen Brown, Only, pro se.

Charles W. Burson, Attorney General, Clinton J. Morgan, Assistant Attorney General, Victor S. Johnson, III, District Attorney

General, Cheryl Blackburn, Assistant District Attorney General, Nashville, for appellee.

### *OPINION*

TIPTON, Judge.

The petitioner, Mickey Allen Brown, appeals as of right from the Davidson County Criminal Court's summary dismissal of his *pro se* petition for post-conviction relief. On July 2, 1985, the petitioner pled guilty to assault with intent to commit first degree murder and received a twenty-year sentence. The sentence was to run concurrently with a thirty-year sentence he was serving in Florida. He completed his Florida confinement on December 3, 1991, and was transferred to Tennessee to serve the remainder of the Tennessee sentence. On December 2, 1994, the petitioner filed a petition for post-conviction relief requesting that his sentence be recalculated to reflect all the jail credits he earned in Florida and alleging that he received ineffective assistance of counsel that resulted in an involuntary guilty plea. The trial court held that the post-conviction relief petition was barred by the statute of limitations, T.C.A. § 40–30–102.[1] The petitioner contends that:

(1) dismissal of the petition violated his due process and equal protection rights;

(2) dismissal of the petition constituted a breach of the petitioner's plea agreement;

(3) the limitations period in T.C.A. § 40–30–102 did not start to run until the petitioner discovered the alleged constitutional violations;

(4) application of T.C.A. § 40–30–102 unconstitutionally impaired the obligation of a contract in violation of Art. 1, Sec. 20 of the Tennessee Constitution and Art. 1, Sec. 10 of the United States Constitution.

We disagree with the petitioner's contentions and affirm the judgment of the trial court.

### I

The petitioner contends that application of the three-year statute of limitations to his petition violates his due process and equal protection rights. He relies on *Burford v. State*, 845 S.W.2d 204 (Tenn.1992) and argues that T.C.A. § 40–30–102 should not be applied in his case because he did not receive notice of its enactment while he was incarcerated in Florida. The issue is without merit.

In *Burford*, our supreme court held that although the three-year limitations period in T.C.A. § 40–30–102 provides petitioners with a reasonable opportunity to present post-conviction claims and thus usually does not violate due process, application of the statute may violate due process if it bars a claim that is based on grounds for relief that did not exist when the limitations period began to run. 845 S.W.2d at 208. The petitioner in *Burford* was caught in a procedural trap. He did not have the full benefit of the three-year limitations period because he did not have grounds for post-conviction relief until other convictions were declared void. By the time the other convictions were voided, strict application of T.C.A. § 40–30–102 provided Burford with only ten months to assert his claim. Under such circumstances, the court held that application of the statute violated due process. *Id.* at 209.

In *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), the court articulated the following three-step analysis to determine whether *Burford* tolls the limitations period:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

903 S.W.2d at 301. Applying the first step of the analysis, we note that because the petitioner was convicted before the enactment of T.C.A. § 40–30–102, the limitations period in this case started to run on July 1, 1986. *Id.; Abston v. State*, 749 S.W.2d 487, 488 (Tenn. Crim.App.), *app. denied* (Tenn.1988). Thus,

1. As of May 10, 1995, T.C.A. § 40–30–102 was replaced by T.C.A. § 40–30–202 which shortens the time limitation to one year. 1995 Tenn.Pub. Acts ch. 207, § 3.

the second step of the analysis requires us to determine whether the petitioner's grounds for relief arose after July 1, 1986.

We conclude that the petitioner's alleged grounds for relief did not arise after July 1, 1986. Unlike the petitioner in *Burford*, the petitioner's grounds for post-conviction relief, ineffective assistance of counsel and involuntary plea, existed at the time of his conviction. The petitioner was not deprived of the full limitations period because he was caught in a procedural trap. To the contrary, because he was convicted prior to the enactment of T.C.A. § 40–30–102, he had more than three years to file his petition. Ignorance of the statute of limitations is not an excuse for late filing, even when the petitioner claims that he did not learn of the statute's enactment because he was incarcerated in another state. *Phillips v. State*, 890 S.W.2d 37 (Tenn.Crim.App.), *app. denied* (Tenn.1994). Because the petitioner's grounds for post-conviction relief existed when the statute began to run, *Burford* does not apply to toll T.C.A. § 40–30–102 (1990).

■ The petitioner's contention that application of T.C.A. § 40–30–102 denies him equal protection of the law is likewise without merit. He argues that prisoners in custody in Tennessee were given notice of the enactment of T.C.A. § 40–30–102 and that he was not given notice because he was in custody in a different state. We disagree. The petitioner was not denied notice of the enactment of T.C.A. § 40–30–102 merely because he was incarcerated in another state. *See Phillips*, 890 S.W.2d at 38 ("Incarceration in another state does not affect the running of the statute of limitations."); *Raymond Dean Willis v. State*, No. 01C01–9211–CR–00359, Davidson Co., slip op. at 5, 1993 WL 427457 (Tenn.Crim.App. Oct. 21, 1993), *app. denied* (Tenn. Nov. 1, 1993) (A petitioner who had the full three-year period to file a post-conviction petition has adequate notice of the statute's requirements.) Equal protection requires that all persons be treated the same under like circumstances and conditions. *Genesco, Inc., v. Woods*, 578 S.W.2d 639, 641 (Tenn.1979). A petitioner who is in custody in another state is treated no differently under T.C.A. § 40–30–102 than a petitioner

in custody in this state. Ignorance of the statute is not an excuse for a defendant who is incarcerated in Tennessee when the limitations period runs, just as it is not an excuse for the petitioner.

## II

■ Next, the petitioner contends that the trial court breached his plea agreement by applying T.C.A. § 40–30–102. He argues that at the time he entered his plea agreement he reasonably understood that he could file a petition for post-conviction relief at any time if he discovered that his attorney rendered ineffective assistance of counsel. Based on contract principles, he concludes that the trial court erred by applying T.C.A. § 40–30–102. We disagree.

■ The petitioner misunderstands the nature of his conviction and the Post–Conviction Procedure Act. Although plea agreements between prosecutors and the criminally accused that are accepted by the trial court are treated as contracts, *see State v. Howington*, 907 S.W.2d 403, 407 (Tenn.1995); *State v. Street*, 768 S.W.2d 703 (Tenn.Crim. App.), *app. denied* (Tenn.1988); *Metheny v. State*, 589 S.W.2d 943 (Tenn.Crim.App.) *cert. denied* (Tenn.1979), *cert. denied* 445 U.S. 967, 100 S.Ct. 1658, 64 L.Ed.2d 243 (1980), a judgment of conviction is not a contract, and principles of contract law do not apply. Moreover, the post-conviction act in effect at the time of the petitioner's conviction did not grant him a vested right to bring a post-conviction claim at anytime. The Post–Conviction Procedure Act specifies the procedure for collaterally attacking a conviction on constitutional grounds. *See* T.C.A. § 40–30–105 (1990). State post-conviction relief procedures are not constitutionally mandated. *Burford v. State*, 845 S.W.2d at 207 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556–57, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987)). Having provided for post-conviction relief procedures, the state had the right to enact a reasonable limitations period for post-conviction claims. *Id.* at 208.

## III

■ In his third contention, the petitioner argues that the statute of limitations did not

begin to run until he discovered that he had post-conviction grounds for relief. He argues that when he entered his plea, he reasonably believed that he would not have to serve any time in Tennessee if he completed the Florida sentence. He asserts that he did not know that the state was going to breach the terms of the plea agreement by failing to apply all the credits he earned in Florida to his Tennessee sentence until he finished his Florida sentence and was immediately transported back to Tennessee. He argues that strict application of T.C.A. § 40–30–102 is unfair because it allows the government to breach a plea agreement with impunity after the statute has run.

█ This court rejected a similar argument in *Howard Templeton v. State*, No. 01C01–9406–CC–00220, Warren Co., 1995 WL 2995 (Tenn.Crim.App. Jan. 5, 1995). The petitioner in *Templeton* claimed that at the time he entered his plea agreement, his attorney advised him he would have to serve only thirty-five percent of his ten-year sentence. He argued that T.C.A. § 40–30–102 did not apply to his case because he did not learn that he would have to serve more than thirty-five percent of his sentence until the Parole Board refused to grant him parole. This court held that the petitioner's professed lack of knowledge of his ground for post-conviction relief did not toll the statute given the state's interests in preventing litigation of stale and fraudulent claims and in insuring administrative efficiency and economy. Slip op. at 3. Likewise, in the present case, the petitioner's claimed lack of knowledge does not toll the statute for post-conviction relief purposes. Moreover, if the petitioner is entitled by law to jail credits that he is not receiving, he should proceed under the Administrative Procedures Act. *See James A. Vaughn v. State*, No. 01C01–9308–CR–00258, Sumner Co., 1994 WL 53845 (Tenn. Crim.App. Feb. 24, 1994).

## IV

█ In his reply brief, the petitioner contends for the first time that applying T.C.A. § 40–30–102 to his petition for post-conviction relief violates Article I, Section 20 of the Tennessee Constitution and Article I, Section 10 of the United States Constitution. He argues that his plea agreement is a contract between him and the state and that the law in effect at the time of the agreement became a part of the contract. He concludes that applying T.C.A. § 40–30–102 to his case unconstitutionally impairs the state's contractual obligations because there was no statute of limitations for post-conviction actions at the time he made his plea agreement.

█ As a general rule, this court will not address post-conviction issues that were not raised in the petition or addressed in the trial court. *See State v. Smith*, 814 S.W.2d 45, 49 (Tenn.1991). In any event, we conclude that T.C.A. § 40–30–102 does not unconstitutionally impair the obligations of contracts. As previously noted, a petitioner cannot use contract principles to invalidate a judgment of conviction and the post-conviction act in effect at the time of the petitioner's conviction did not grant him a vested right to bring a post-conviction claim at anytime.

The trial court properly applied T.C.A. § 40–30–102 to bar the petitioner's claims for post-conviction relief. The dismissal of the petition is affirmed.

JONES, P.J., and SUMMERS, J., concur.