IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

**FILED**

December 17, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DONNIE CARPENTER, | ) | |
| | ) | C.C.A. NO. 01C01-9703-CC-00114 |
| Appellant, | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES L. WEATHERFORD, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:          FOR THE APPELLEE:


SHARA FLACY                 JOHN KNOX WALKUP
Public Defender             Attorney General & Reporter

WILLIAM C. BRIGHT           CLINTON J. MORGAN
Asst. Public Defender       Counsel for the State
P.O. Box 1208               450 James Robertson Pkwy.
Pulaski, TN 38478           Nashville, TN  37243-0493

                            MIKE BOTTOMS
                            District Attorney General

                            ROBERT C. SANDERS
                            Asst. District Attorney General
                            P.O. Box 1619
                            Columbia, TN 38401

OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner pled guilty to first-degree murder on September 23, 1986. He received a sentence of life imprisonment. On August 21, 1991, he filed a petition for post-conviction relief. Counsel was appointed and an amended petition was filed on November 20, 1996. The petition was dismissed the following day because it was filed outside the statute of limitations. The petitioner now appeals and argues that the post-conviction court erred when it dismissed his petition. We disagree and affirm the judgment of the court below.

In his post-conviction petition, the petitioner alleges that his trial counsel was ineffective and that his guilty plea was not entered freely and voluntarily. He alleged in his petition that his counsel told him he would be out of prison in six years when in actuality, he would have to serve seventeen years before becoming eligible for parole. He further alleged that because he only has a seventh grade education, he was unaware that he had to bring these complaints before the court within three years of his conviction becoming final. Thus, he argues that his petition should not be barred for falling outside the statute of limitations.

At the time the petitioner was convicted, he had three years from the date his conviction became final to file his post-conviction petition. T.C.A. § 40-30-102 (1990).[1] His petition was filed nearly five years after he pled guilty; thus he is clearly outside the limitations period. However, the petitioner urges this Court to dispense with the timing requirement because the petitioner was ill-educated and was unable to hire an attorney to help him understand the legal process. This Court has previously held that

---

[1] As of May 10, 1995, the timing for filing such a petition was reduced to one year from the date the conviction became final.

2

ignorance of the statute of limitations is not an excuse for failing to timely file a post-conviction petition. Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). We have also held that the statute of limitations is not affected by when a petitioner "learns" that his constitutional rights might have been violated. Passarella v. State, 891 S.W.2d 619, 625 (Tenn. Crim. App. 1994). As this Court has previously stated,

> The Post-Conviction Procedure Act is not a constitutionally mandated procedure and this Court has repeatedly held that the legislature could properly impose limitations upon the time in which the cause of action arising under the act must be brought. There is nothing in the act to indicate that the legislature intended for this provision to apply only to certain petitioners. For this Court to now attempt to carve exceptions would defeat the purpose of the act. We are not prepared to hold that the facts alleged by the petitioner tolled the running of the three year limitation.

Melvin Douglas Boyle v. State, No, 02C01-9201-CC-00003, Fayette County (Tenn. Crim. App. filed Nov. 18, 1992, at Jackson).

Thus, we affirm the trial court's dismissal of the petition due to its having been filed outside the statute of limitations.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID H. WELLES, Judge