IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION



FILED

**June 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

RONALD L. JONES,      )
                                     )
        Appellant,      )     No. 03C01-9710-CR-00428
                                     )
                                   )     Hamilton County
v.                                )
                                   )     Honorable Rebecca J. Stern, Judge
                                   )
STATE OF TENNESSEE,     )     (Post-Conviction)
                                   )
        Appellee.       )

For the Appellant:

Alan R. Beard
601 Chattanooga Bank Building
615 Lindsey Street
Chattanooga, TN 37402

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
     and
Clinton J. Morgan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William H. Cox, III
District Attorney General
     and
David Denny
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The petitioner, Ronald L. Jones, appeals as of right from the Hamilton County Criminal Court's summary dismissal of his pro se petition for post-conviction relief[1] on the ground that it was barred by the statute of limitations. The petitioner contends that the petition was timely filed under the 1995 Post-Conviction Procedure Act. He argues that the application of the statute of limitations violates his due process rights because he was unaware of developments in Tennessee law because he was incarcerated in a federal prison in Kansas. We affirm the judgment of the trial court.

The petitioner collaterally challenges convictions he received in 1984, 1986, 1989 and 1990 as a result of guilty pleas. The convictions were used to enhance the defendant's sentence for a conviction of a federal offense. The petitioner filed his petition on December 30, 1996.

Under the post-conviction law applicable at the times of his convictions, the petitioner had three years to file a post-conviction petition from the date of the final action of the highest state appellate court to which an appeal was taken. T.C.A. § 40-30-102 (1990). The petition was not filed within that period. Also, the 1995 Post-Conviction Act did not reinstate a filing period for which the former three-year post-conviction statute of limitations had already run. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). The petitioner's claim that he was ignorant of the law does not excuse his late filing of the petition. See Brown v. State, 928 S.W.2d 453, 456 (Tenn. 1996) ("Ignorance of statute of limitations is not an excuse for late filing, even when the petitioner claims that he did not learn of the statute's enactment because he was incarcerated in another state.").

---

[1]The petition is titled a "MOTION TO CHALLENGE THE VALIDITY OF PRIOR STATE CONVICTIONS." The trial court properly treated the petition as one for post-conviction relief.

2

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Curwood Witt, Judge