IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION



FILED

**March 31, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| ZACHARY ROBINSON, | ) | |
| alias CRUSADER, | ) | C.C.A. No. 03C01-9804-CR-00166 |
| | ) | |
| Appellant, | ) | Knox County |
| | ) | |
| v. | ) | Honorable Ray L. Jenkins, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Habeas Corpus) |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

Zachary Robinson, *pro se*
Reg. No. 12404-074
Qtr. Cla 1-B
P. O. Box 4000
Manchester, KY  40962-4000

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Randall E. Nichols
District Attorney General
400 Main Street
Knoxville, TN  37901-1468

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

L. T. LAFFERTY, SENIOR JUDGE

# **O P I N I O N**

The petitioner, Zachary C. Robinson, alias Crusader, appeals as of right from the trial court's dismissal of his petition for writ of habeas corpus. After a review of the record, briefs of the parties, and appropriate law, we affirm the judgment of the trial court.

On April 1, 1998, the petitioner filed a *pro se* petition for a writ of habeas corpus with the Knox County Criminal Court. Apparently, the petitioner is confined in a federal penal institution in Manchester, Kentucky, for federal offenses. In essence, the petitioner is seeking post-conviction relief from a conviction for aggravated assault, pursuant to a guilty plea, on September 4, 1986, in the Knox County Criminal Court. In his petition, the petitioner complains that: (a) his guilty plea was tainted by the trial court's failure to follow the mandates of *State v. Mackey,* 553 S.W.2d 337 (Tenn. 1977), and Tenn. Code Ann. § 40-30-105, and, more specifically, the future ramifications of a guilty plea; and (b) he was denied the effective assistance of counsel. The trial court dismissed the petition for post-conviction relief as being barred by the statute of limitations.

The petitioner's brief consists of a copy of the original petition filed in the Knox County Criminal Court. The state contends that the statute of limitations for the petitioner's petition had expired when it was filed. We agree.

The trial court properly considered this request for a writ of habeas corpus as a petition for post-conviction relief. All post-conviction relief petitions filed after May 10, 1995 are governed by the Post-Conviction Procedure Act of 1995. Tenn. Code Ann. § 40-30-201, Compiler's Notes (Supp. 1996). Post-conviction relief must be sought within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-202(a) (Supp. 1996).

Here, the petitioner filed his petition under the 1995 Act, and the one-year statute of limitations applies. Even under the pre-1995 statute, the petitioner's petition would be subject to dismissal, since the petitioner failed to file the petition by September, 1989, three

2

years from the entry of his guilty plea. Tenn. Code Ann. § 40-30-101, *et seq.* (repealed 1995); *State v. Douglas Mattes,* No. 01C01-9609-CC-00398 (Tenn. Crim. App., Nashville, August 22, 1997), *per. app. denied* (Tenn. 1998). The petitioner's incarceration in another state does not toll the statute of limitations. *Brown v. State,* 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996).

The judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

                      _____

                      L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____

JERRY L. SMITH, JUDGE


_____

THOMAS T. WOODALL, JUDGE