FILED

May 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1999

| | | |
|---|---|---|
| **MARK S. MILLER,** | ) | **C.C.A. NO. 03C01-9803-CR-00108** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. RICHARD R. BAUMGARTNER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

FOR THE APPELLANT:

JOHN W. ROUTH
4611 Old Broadway
Knoxville, TN 37918

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

RANDALL E. NICHOLS
District Attorney General

ANNE CRISLER
Assistant District Attorney
City-County Building
Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On September 10, 1991, Appellant Mark S. Miller pled guilty to one count of conspiracy to sell cocaine. That same day, the trial court sentenced Appellant to four years of imprisonment, but apparently postponed the entry of judgment. On September 24, 1992, the trial court determined that Appellant should serve sixty days of his sentence in confinement followed by the remainder on probation. Because Appellant had failed to adhere to the conditions of his probation, the trial court ordered on January 11, 1995, that Appellant be placed under the supervision of the Community Alternatives to Prison Program ("CAPP"). On April 13, 1995, the trial court revoked Appellant's placement in CAPP because of Appellant's failure to comply with the requirements of the program. In addition, the trial court increased Appellant's sentence to six years. On August 23, 1995, Appellant filed a petition for post-conviction relief. On February 19, 1997, the post-conviction court conducted a hearing on Appellant's petition. That same day, the post-conviction court dismissed the petition.[1] Appellant challenges the dismissal of his petition, raising the following issues:

> 1) whether the post-conviction court erred when it determined that Appellant had received effective assistance of counsel; and
> 2) whether it was inappropriate for the judge who accepted Appellant's guilty plea to represent the State as the prosecutor at the CAPP revocation hearing.

---

[1] Appellant did not appeal the dismissal of his petition. Instead, Appellant filed a motion to reopen his post-conviction petition on July, 18, 1997. The post-conviction court denied the motion on November 13, 1997. Appellant filed notice of appeal of the denial of his motion to reopen on December 11, 1997. The State filed a motion to dismiss the appeal on September 8, 1998. The State asserted that the notice of appeal was not filed within the ten days required by Tennessee Code Annotated section 40-30-217(c) and even if it had, the motion to reopen had presented no claims that were cognizable under section 40-30-217(a). By an order dated October 21, 1998, this Court noted that Appellant's notice of appeal of the denial of his motion to reopen was clearly untimely under section 40-30-217(c). In addition, this Court noted that the motion to reopen had presented no claims for relief that were cognizable under section 40-35-217(a). However, this Court concluded that in the interests of justice, Appellant's notice of appeal of the denial of his motion to reopen should be treated as a delayed notice of appeal of the dismissal of his petition.

After a review of the record, we affirm the judgment of the post-conviction court.

## I. BACKGROUND

The record indicates that the trial judge who accepted Appellant's guilty plea on September 10, 1991, was Judge Randall E. Nichols. That same day, Judge Nichols sentenced Appellant as a Range I standard offender to a term of four years in the Tennessee Department of Correction ("TDOC"). Although the record is not clear, Judge Nichols apparently decided to postpone the entry of judgment until Appellant's wife could recover from a stroke sufficiently to care for the couple's children while Appellant was in confinement. Judge Nichols subsequently resigned his judicial office to become the Knox County District Attorney General. On September 24, 1992, Judge Richard R. Baumgartner ordered Appellant to serve sixty days of his sentence in confinement followed by the remainder of the four years on probation.

On January 11, 1995, Judge Baumgartner placed Appellant in CAPP because he had failed to comply with the conditions of his probation. In doing so, Judge Baumgartner stated:

> "Now, understand as I told—as I tell everyone, one of the powers that the Court has in—in these kinds of referrals is if you are revoked for a material violation of the program, not only can your sentence be imposed upon you, but it can be increased. And I routinely increase sentences within the range that I am permitted to do that. So you can count on the fact that if you end up being revoked from [CAPP], not only will you have your original sentence, but you will have an additional sentence to go along with that.
> . . . .
> So take this opportunity, Mr. Miller, to—to get yourself straightened out and see if you can make some progress because if you don't, you can count on the fact that you'll do the most amount of time that I can impose upon you as a violator of the program. "

The record indicates that Judge Baumgartner presided and General Nichols represented the State at Appellant's CAPP revocation hearing on April 13, 1995. Tamela Wheeler testified at the hearing that she was Appellant's CAPP supervisor. Wheeler testified that after only two months in the program, Appellant had failed to attend classes, had failed to respond to Wheeler's phone calls and letters, and had failed to take a drug test despite being given two opportunities to do so. Appellant admitted that he had missed some meetings. However, Appellant testified that he believed that the CAPP administrators would be somewhat lenient. After listening to the testimony, Judge Baumgartner revoked Appellant's participation in CAPP and ordered Appellant to serve a term of six years in TDOC.

## II. ASSISTANCE OF COUNSEL

Appellant contends that the post-conviction court erred when it determined that he had received effective assistance of counsel. Specifically, Appellant contends that his trial counsel was ineffective because (a) counsel failed to inform him that if he did not comply with the CAPP requirements, he would go to prison and he could receive an increased sentence; and (b) counsel failed to appeal the imposition of the increased sentence after the CAPP revocation.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he or she must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second,

-4-

he or she must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Id. "Moreover, on appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them." Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). "The burden is on the petitioner to show that the evidence preponderated against those findings." Id.

## A. Failure to Inform

Appellant first contends that he received ineffective assistance of counsel because his trial counsel never informed him that he would be sent to prison and could receive an increased sentence if he violated the requirements of CAPP. We disagree.

The record indicates that when Judge Baumgartner placed Appellant in CAPP, he clearly informed Appellant of the very things Appellant claims that counsel failed to tell him. In fact, Judge Baumgartner expressly told Appellant, "you can count on the fact that if you end up being revoked from [CAPP], not only will you have your original sentence, but you will have an additional sentence to

go along with that." Thus, it is clear that even if Appellant's counsel had failed to tell him that he would be sent to prison and could receive an increased sentence if he violated the requirements of CAPP, Appellant could not have been prejudiced by the failure because Judge Baumgartner provided Appellant with the same information. Indeed, Appellant has failed to even identify any prejudice that he suffered because of his counsel's alleged failure to provide him with the information. This issue has no merit.[2]

## B. Failure to Appeal the Increased Sentence

Appellant also contends that his trial counsel was ineffective in failing to appeal the increase in sentence from four to six years after the CAPP revocation. However, the record indicates that Appellant did not raise this issue in his petition for post-conviction relief and there is no indication in the record that Appellant ever filed an amended petition that raised this issue. In addition, Appellant failed to make any reference to this issue during the hearing on his petition. "As a general rule, this court will not address post-conviction issues that were not raised in the petition or addressed in the trial court." Brown v. State, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996).[3] Indeed, because this issue was not raised below, no evidence was presented on this issue and the post-conviction court

---

[2]Appellant also contends that he is entitled to a new hearing on his petition for post-conviction relief because his trial counsel did not testify at the hearing. Essentially, Appellant contends that the trial court could not properly rule on the ineffective assistance of counsel claim without listening to the testimony of Appellant's trial counsel. However, the record indicates that Judge Baumgartner placed Appellant in CAPP, subsequently revoked Appellant's placement in CAPP, and later ruled on Appellant's petition for post-conviction relief. Because Judge Baumgartner already knew that he had given Appellant an express warning about the consequences of violating the CAPP requirements, there was no need to take testimony from Appellant's trial counsel in regard to whether counsel had given the same warning.

[3]We note that Appellant did raise this issue in his motion to reopen his post-conviction petition. However, this Court's order of October 21, 1998, merely allowed Appellant to appeal the dismissal of his post-conviction petition. Nothing in the order permitted Appellant to assert new claims on appeal that were not raised in his petition.

obviously made no findings of fact or conclusions of law regarding it. Thus, there is nothing in the record from which this Court could review this issue. Because Appellant failed to raise this issue in his petition and at the hearing, this issue is waived.

## III. REPRESENTATION OF THE STATE BY THE FORMER JUDGE

Appellant contends that it was inappropriate for General Nichols to represent the State at Appellant's CAPP revocation hearing. However, the record indicates that Appellant failed to raise this issue in his petition for post-conviction relief, failed to file an amended petition that raised this issue, and failed to make any reference to this issue during the hearing on his petition.[4] As previously stated, "this court will not address post-conviction issues that were not raised in the petition or addressed in the trial court." Brown, 928 S.W.2d at 457.[5] Because Appellant failed to raise this issue in his petition and at the hearing, this issue is waived.

Accordingly, the post-conviction court's dismissal of Appellant's petition is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[4]There is also no indication in the record that Appellant ever objected to General Nichol's representation of the State at the CAPP revocation hearing.

[5]We note that Appellant raised this issue in his motion to reopen his post-conviction petition. For the reasons stated previously, this fact has no bearing on our determination that this issue is waived.

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE


_____
L.T. LAFFERTY, SENIOR JUDGE