IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

**GEORGE TODD v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Coffee County**
**No. 29,843     L. Craig Johnson, Judge**

**No. M1999-00976-CCA-R3-PC - Filed July 28, 2000**

The Defendant appeals from the trial court's dismissal of his petition for post-conviction relief. The trial court found that the petition was barred by the statute of limitations. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and JOHN EVERETT WILLIAMS, J., joined.

George Todd, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; and C. Michael Layne, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 4, 1985, the Defendant pleaded guilty to second degree murder in exchange for an agreed sentence of forty-five years in the Department of Correction. On May 25, 1999, the Defendant filed a petition for post-conviction relief. The trial court summarily dismissed the petition because it was barred by the statute of limitations. It is from the order of the trial court dismissing the post-conviction relief petition that the Defendant appeals.

It is obvious that the petition for post-conviction relief was filed well beyond the applicable one-year statute of limitations. The Defendant argues that the statute of limitations is inapplicable to his petition because he was "under the impression" that he would automatically be paroled after serving thirty-five percent of his sentence. He states that he would not have pleaded guilty had he known that he would not automatically be released after serving the minimum percentage required, and thus his guilty plea was not knowing and voluntary. He asserts that he had no way of knowing that he would not be released upon serving thirty-five percent of his sentence until after the parole board declined to grant him parole. He then argues that the one-year statute of limitations did not

begin to run until he discovered that he had a cause of action after he was denied parole in June of 1998.

The Defendant's petition for post-conviction relief is barred by the statute of limitations. See Tenn. Code Ann. § 40-30-202(a). The Defendant's alleged lack of knowledge that he had grounds for a petition for post-conviction relief cannot defeat the application of the statute of limitations. Id. To hold otherwise would defeat the purpose of the statute of limitations which is to protect the State's interest in preventing the litigation of stale and fraudulent claims and promoting administrative efficiency and economy. See Howard Templeton v. State, No. 01C01-9406-CC-00220, 1995 WL 2995, at *1 (Tenn. Crim. App. Nashville, Jan. 5, 1995). This Court has rejected the argument that the statute of limitations does not begin to run until such time as a petitioner discovers that he has post-conviction grounds for relief. See Brown v. State, 928 S.W.2d 453, 456-57 (Tenn. Crim. App. 1996); Passarella v. State, 891 S.W.2d 619, 624-25 (Tenn. Crim. App. 1994).

Furthermore, our Post-Conviction Procedure Act allows the filing of only one petition for post-conviction relief attacking a single judgment. Tenn. Code Ann. § 40-30-202(c). If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, a second or subsequent petition attacking the same judgment must be summarily dismissed. Id. The Defendant has previously filed a petition seeking post-conviction relief from his second degree murder conviction which was resolved on the merits by a court of competent jurisdiction. See State v. George Todd, No. 89-138-III, 1989 WL 153892 (Tenn. Crim. App. Nashville, Dec. 21, 1989.)

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE