# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## DECEMBER SESSION, 1996

| | | |
|---|---|---|
| **RONALD L. COX,** | ) | **C.C.A. NO. 02C01-9508-CR-00221** |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. DAILEY** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Habeas Corpus)** |

FOR THE APPELLANT:

RONALD COX
Pro Se
Unit 3B/Route 1
T.C.I.P
Only, TN  37140

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

WILLIAM L. GIBBONS
District Attorney General

ROBERT CARTER
Assistant District Attorney
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Ronald L. Cox appeals from the trial court's dismissal of his <u>pro se</u> petition for the writ of habeas corpus. In May 1995, Appellant filed a petition for the writ of habeas corpus alleging that in October 1989 he entered into a plea agreement with the State whereby he pled guilty to two counts of robbery, one count of aggravated robbery, and one count of aggravated assault in exchange for an effective sentence of ten years, Range 1, at thirty percent. He alleged that the State breached the agreement because he was not paroled after having served thirty percent of his sentence. In his petition for the writ of habeas corpus, Appellant further claimed that when he pled guilty he did not understand that service of the thirty percent of his sentence merely made him eligible for release but did not mandate it. On June 21, 1995, the trial court summarily dismissed Appellant's petition. The trial court dismissed the petition stating that Appellant failed to state appropriate grounds for either habeas corpus relief or post-conviction relief and that the petition, treated as a petition for post-conviction relief, was time-barred. On appeal, Appellant raises two issues: 1) whether the trial court erred in dismissing his petition for the writ of habeas corpus, and 2) whether counsel should have been appointed and an evidentiary hearing held before the petition was dismissed. For the reasons stated below, we affirm the decision of the trial court.

Breach of a plea agreement by the State is grounds for post-conviction relief and has been recognized as such in several of this Court's cases. <u>See</u> <u>e.g.</u> <u>Brown v. State</u>, 928 S.W.2d 453 (Tenn. Crim. App. 1996); <u>Templeton v. State</u>, 1995 WL 2995, at *1 (Tenn. Crim. App. Jan. 5, 1995). Moreover, Appellant's

claim is essentially an involuntary plea claim, cognizable under the Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-203 (Supp. 1996). A challenge to the validity of a guilty plea can be made only by a petition for post-conviction relief and not by a petition for the writ of habeas corpus. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). We have also held, at least by implication, that claims of breached promises regarding a release date are cognizable only under the Post-Conviction Procedure Act and not as a petition for the writ of habeas corpus. See Templeton, 1995 WL 2995, at *1. While Appellant's claim is cognizable in a petition for post-conviction relief, we find, as the trial court did, that the claim is time-barred by the statute of limitations found at Tenn. Code Ann. Sec. 40-30-102 (1990).

Appellant's guilty plea was entered in November 1989. Under the 1986 Post-Conviction Procedure Act, Appellant had three years from this date within which to file a petition. Tenn. Code Ann. § 40-30-102. Therefore, his time period for filing a petition for post-conviction relief expired in November 1992. Appellant argues that the statute of limitations should not apply to him because he did not have grounds for relief until after the parole board denied his parole at which point the limitations period had expired. It is true that in some cases due process prohibits the strict application of the statute of limitations period found in Tennessee Code Annotated Section 40-30-105. In Burford v. State, 845 SW.2d 204, 208 (Tenn. 1992), the Tennessee Supreme Court held that due process prohibits the strict application of the statute of limitations when the grounds for relief arise after the final action of the highest state appellate court to which an appeal is taken, or in other words, when the grounds for relief arise after the statute of limitations period begins to run. However, Appellant's claim for relief

existed from the time of his conviction. This Court has held that a petitioner's professed lack of knowledge that he had grounds for relief until after the statute of limitations had run is not "later arising" under the Burford decision and cannot defeat the application of the statute of limitations. Templeton, 1995 WL 2995, at *1; Brown, 928 S.W.2d at 457. Finally, the fact that Appellant filed under the amended Post-Conviction Procedure Act, Tenn. Code Ann. Sec. 40-30-205, does not change the outcome. Petitions barred by the statute of limitations contained in the 1986 Act may not be revived by filing under the amended act. See e.g. State v. Brummit, 1997 WL 106679 (Tenn. Crim. App. Mar. 11, 1997), applic. filed (Tenn. Mar. 17, 1997); Carter v. State, 1997 WL 59422 (Tenn. Crim. App. Feb. 12, 1997); Pendleton v. State, 1997 WL 59501 (Tenn. Crim. App. Feb. 12, 1997), applic. filed (Tenn. Mar. 24, 1997).

Next, we address whether it was proper for the trial judge to dismiss Appellant's petition without appointing counsel and without conducting an evidentiary hearing. Where a competently drafted petition and all pleadings, files, and records of a case conclusively establish that the petitioner is entitled to no relief, appointment of counsel and an evidentiary hearing are not required. Lane v. State, 906 S.W.2d 1, 3 (Tenn. Crim. App. 1993). Because Appellant's petition was clearly time-barred, the trial court properly dismissed the petition without appointing counsel or conducting an evidentiary hearing.

The judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:



_____
JOE B. JONES, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE