IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2013

**ROBERT L. CONLEY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2004-A-597     Cheryl A. Blackburn, Judge**

**No. M2012-00815-CCA-R3-PC - Filed March 11, 2013**

The Petitioner, Robert L. Conley, appeals the Davidson County Criminal Court's denial of post-conviction relief from his 2006 convictions for sale of less than one-half gram of cocaine, possession with the intent to sell or deliver one-half gram of cocaine, and possession with the intent to use drug paraphernalia and his effective fourteen-year sentence. On appeal, he contends that the trial court erred by finding that his petition was barred by the statute of limitations and by dismissing his petition. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and PAUL G. SUMMERS, SR. J., joined.

Elaine Ann Heard, Nashville, Tennessee, for the appellant, Robert L. Conley.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Thomas Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was sentenced to an effective twelve-year community corrections sentence, but he violated his probation five times. The trial court increased his sentence to fourteen years for one of the violations but ultimately revoked his community corrections sentence and ordered his fourteen-year sentence into execution. The Petitioner sought to reduce his sentence, and the court denied the motion. The Petitioner appealed the court's revoking his community corrections sentence and denying a sentence reduction. On appeal, this court concluded that the Petitioner waived the issue of the court's revoking his community corrections sentence by failing to file a timely notice of appeal. See State v.

Robert Conley, No. M2009-00676-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App. Feb. 8, 2011) (Conley I), perm. app. denied (Tenn. May 26, 2011). This court affirmed the court's denial of a sentence reduction. Id.

At the post-conviction hearing, the Petitioner testified that counsel represented him during his probation revocation hearings. He said they did not discuss the details of community corrections or the possibility of being resentenced. He said they did not communicate "too frequently." He said that counsel did not tell him he could appeal the trial court's revocation order or why his motion for a sentence reduction was denied. He stated that he asked counsel for a transcript of the sentencing hearing and that counsel said he did not know which transcript the Petitioner wanted. He said he asked counsel what actions were available to him after the court denied his request for a sentence reduction. He said counsel's response was that his office no longer represented the Petitioner.

The Petitioner testified that appellate counsel appealed the trial court's order revoking the Petitioner's community corrections sentence and denial of a sentence reduction. He said he spoke to appellate counsel only twice throughout the appellate process and denied meeting him in person. He said that they spoke on the telephone once or twice and that he wrote counsel several letters. He said he received three or four letters from counsel.

The Petitioner testified that appellate counsel did not discuss with him the grounds that formed the basis of his appeal, although he received a copy of the appellate brief. He said he wanted counsel to give him an assessment of his case, including the actions available to him in seeking various types of relief. He said that although counsel told him he could seek post-conviction relief, he believed there were other things counsel could have done. He said counsel did not answer his questions.

On cross-examination, the Petitioner testified that his sentence increased from twelve to fourteen years in 2005 or 2006, although he denied knowing counsel agreed to the increase. He said he and counsel "might have" discussed the State's agreeing to allow the Petitioner to continue his community corrections sentence if the Petitioner agreed to a two-year increase in his sentence. He could not recall whether counsel at the revocation hearing told him that he did not have to accept the fourteen years and that he could have requested a probation violation hearing. He recalled, though, the trial court's telling him he could accept the fourteen years or proceed with a revocation hearing. He said that accepting the fourteen years was "the best thing" for him to do and that he made the choice.

The Petitioner testified that he did not file a petition for post-conviction relief until three years after his sentence was increased to fourteen years and that he did not know he could seek post-conviction relief. He said that although he did not know his sentence might

be increased if he violated his probation until he accepted the fourteen years, he did not seek post-conviction relief. He agreed he did not seek post-conviction relief until the trial court ordered his sentence into execution.

The Petitioner clarified that he believed counsel representing him during the revocation hearing could have presented grounds for relief in addition to seeking a reduced sentence. The trial court noted that it issued a written order on the motion for a reduced sentence after an evidentiary hearing. The Petitioner stated that he did not receive a copy of the order denying him a reduced sentence. The court told the Petitioner that it could simply deny the motion without providing an explanation. He said that he thought appellate counsel did not communicate with him and that counsel should have visited him in confinement. He did not know if the result would have been different if appellate counsel had visited him.

The Petitioner made the following statement to the trial court:

I know . . . being ignorant of the law isn't an excuse for a defense but a cry of plea for justice. Consequently it led me back to where it all began right here in this courtroom several years ago, which is the best place to be right now in my life to seek atonement for the injustice done to me by the justice system from exploitations of my addiction to crack cocaine. For the past three and a half years I've been clean and sober, and I've been granted a hearing. In the interest of justice . . . give a voice to the circumstances surrounding me and this case and the charges brought against me.

The trial court stated that the Petitioner wanted "another chance" because he became "clean and sober" and told the Petitioner that releasing him because of his sobriety was not an option for the court. The Petitioner responded, "Yes, ma'am." The court asked the Petitioner if something occurred during the trial that would have prevented his conviction, and the Petitioner said his sworn affidavits were not introduced at the trial. He said he "really didn't know anything about Calvin Evans, . . . who I was arrested with. I didn't know anything about that." He said counsel should have allowed him to testify and "give" his testimony and sworn affidavits.

The Petitioner told the trial court that counsel said he did not have a choice but to accept the twelve years and that counsel did not mention forty-five percent service. The court reviewed with the Petitioner his criminal history, and he agreed he had seven previous convictions for drug-related offenses. The Petitioner understood that these convictions qualified him for Range III, persistent offender status and said that it was not explained to him at the time he accepted the twelve years. He said he would not have accepted the twelve years had he known he was a Range III offender. He said that counsel could have told him

what his rights and options were and that counsel failed to keep him informed about his case.

The trial court found that after the Petitioner received his twelve-year community corrections sentence, he signed a written waiver of appeal stating that the Petitioner freely and voluntarily waived his right to appeal his conviction and sentence. The waiver was filed with the court on June 8, 2006. We note the waiver is not included in the appellate record.

The trial court found that counsel filed a motion to reduce the Petitioner's sentence, that a hearing was held, and that the court denied relief on February 20, 2009. The court found that counsel declined to appeal the denial, that the Petitioner sought pro se relief, and that this court affirmed the denial on appeal. See State v. Robert Conley, No. M2009-00676-CCA-R3-CD (Tenn. Crim. App. Apr. 27, 2009) (Conley II). The court found that the mandate was issued on July 16, 2011, and that the Petitioner filed his pro se petition for post-conviction relief on October 11, 2011.

The trial court found that the petition for relief was filed beyond the one-year statute of limitations pursuant to Tennessee Code Annotated section 40-30-102 (2012). The court noted that the Petitioner's sentence became final for post-conviction purposes thirty days after he was sentenced on October 3, 2008, and that the denial of the Petitioner's motion for a sentence reduction and appeal did not toll the statute of limitations. The petition for post-conviction relief was filed on October 11, 2011. The court concluded that the petition was time barred.

Although the trial court concluded that the petition for relief was untimely, the court addressed the Petitioner's substantive issues for relief and concluded that each was without merit. With regard to the Petitioner' s contention that counsel failed to explain that he could be resentenced if he violated his community corrections sentence, the court found that the Petitioner presented no evidence, other than "blanket assertions," that counsel failed to discuss the possibility of resentencing or how he was prejudiced. The court found that at the sentencing hearing, the court explained to the Petitioner the consequences of violating his community corrections sentence. The court noted that the Petitioner was the only witness at the post-conviction hearing and that it could not "make a credibility determination as to whether trial counsel had also advised [the] Petitioner about the consequence of a community correction[s] violation." The court found that the Petitioner violated his community corrections sentence numerous times before it ordered his sentence into execution, that his sentence was increased from twelve to fourteen years after the first violation, and that the Petitioner did not contest his fourteen-year sentence until the court ordered his sentence into execution. This appeal followed.

The Petitioner contends that the trial court erred by finding that the petition for post-conviction for relief was barred by the statute of limitations and argues that due process requires tolling of the statute of limitations. The State responds that the trial court properly found that the petition for relief was untimely and barred by the statute of limitations.

The Post-Conviction Procedure Act allows for the filing of only one petition attacking a single judgment, which must be filed within one year of the final action by the highest state appellate court to which an appeal is made or, if no appeal is taken, within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a). "As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). A petition filed after the limitations period expires shall not be considered unless one of three exceptions apply. See T.C.A. § 40-30-102(b)(1)-(3). The one-year statute of limitations can be tolled if:

> (1) The claim . . . is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of the trial, if retrospective application of that right is required. . . .

> (2) The claim . . . is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted . . . seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid. . . .

T.C.A. § 40-30-102(b)(1)-(3).

After the Petitioner violated the conditions of the community corrections sentence five times, the trial court revoked his community corrections sentence and ordered his fourteen-year sentence into execution on October 3, 2009, and the judgment became final on November 2, 2009. The Petitioner filed his petition for post-conviction relief on October 11, 2011. We conclude that the petition for relief was untimely.

We also conclude that none of the statutory exceptions are applicable in the Petitioner's case. The Petitioner testified that he did not file his petition for post-conviction relief before 2011 because he did not know he could seek post-conviction relief. The Petitioner also testified that counsel told the Petitioner that he could challenge the trial

court's ordering his fourteen-year sentence into execution by seeking post-conviction relief.

The Petitioner, though, asks this court to toll the statute of limitations on due process grounds because of "misadvice" and "omissions" from appellate counsel. In determining if due process requires tolling the statute of limitations, this court must determine "when the limitations period would normally have begun to run[,] whether the grounds for relief actually arose after the limitations period would normally have commenced . . . [and] if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petition a reasonable opportunity to present the claim." Sands v. State, 903 S.W.2 297, 301 (Tenn. 1995).

The Petitioner's fourteen-year sentence was ordered into execution on October 3, 2009, and the judgment became final on November 2, 2009. The Petitioner filed his petition for post-conviction relief on October 11, 2011. With regard to whether his ineffective assistance of counsel claim is later-arising, the Petitioner states that he did not know he could seek post-conviction relief because counsel failed to tell him about his "options." The Petitioner contends that he received ineffective assistance because counsel failed to inform him that he could be resentenced if he violated his community corrections sentence, failed to inform him about the procedure for appealing his sentence, and failed to communicate adequately. The trial court found that the consequences of violating his community corrections sentence were explained to the Petitioner at the sentencing hearing. The court also found that the Petitioner signed a waiver of appeal at the time of resentencing. In any event, these claims existed before the one-year statute of limitations expired. This court has previously concluded that lack of knowledge of a claim does not toll the statute of limitations. See, e.g., Brown v. State, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996).

Because the Petitioner's claims were not later-arising, further analysis by the trial court of the Petitioner's opportunity to present the claims before the statute of limitations expired was unnecessary. The Petitioner is not entitled to relief, and the petition is dismissed as time barred.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-6-