IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2020

FILED
10/22/2020
Clerk of the
Appellate Courts

## ANTONIO ROMERO ROBERTS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 308774   Barry A. Steelman, Judge**

_____

**No. E2019-01975-CCA-R3-PC**

_____

Pro se petitioner, Antonio Romero Roberts, appeals the summary dismissal of his petition for post-conviction relief by the Criminal Court for Hamilton County.  Upon our review, we affirm.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. ROSS DYER, JJ., joined.

Antonio Romero Roberts, Chattanooga, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; and Neal Pinkston, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Based on the limited record before us, it appears that on July 15, 2015, the Petitioner pleaded guilty to the offense of rape "pursuant to a plea agreement [which] provide[d] for a release eligibility of eighty percent (80%) . . . to the department of correction and, after service of eleven (11) months, twenty-nine (29) days in the community corrections, probation for eight (8) years, with a release eligibility of thirty percent (30%)."  On September 2, 2015, the judgment was corrected to reflect "a release eligibility of one hundred percent (100%) pursuant to [Tennessee Code Annotated Section] 40-35-501(i)." The next events to occur as reflected in the order of the post-conviction court involve correspondence between the Petitioner and the trial court and the Petitioner and the trial court clerk.  On February 2, 2016, the Petitioner wrote to the trial court and requested "clarification regarding his ongoing confinement, 'the workhouse release sheet . . . show[ing] [06/24/2016]', 'over 100%.'"(brackets contained in original).  On February 5,

2016, the trial court clerk sent a letter to the Petitioner informing him that "the judgment 'was corrected to reflect your sentence to be served at 100%[,]'" and provided him with a copy of the corrected judgment. On May 28, 2017, the Petitioner sent a letter to the trial court clerk requesting "copies of 'any revocation orders or judgments (amended/original)' pertaining to the 'sentence' of 17 May 2017." (parenthetical contained in original). While the relevance of the reference to "revocation orders" to the instant case is unclear on this record, the order of the post-conviction court further noted that since the entry of the September 2015 corrected judgment, there had been "three revocation hearings and a fourth revocation hearing [was] set for [October 17, 2019]."

On September 18, 2019, the Petitioner filed the instant petition for post-conviction relief. As we understand his claims, the Petitioner contends (1) that his guilty plea was unknowingly and involuntarily entered because the change in release eligibility from thirty percent to one-hundred percent materially altered the terms of his plea agreement; (2) that trial counsel was ineffective in signing the corrected judgment and allowing the punishment to change from thirty to one-hundred percent release eligibility; (3) that correction of the judgment warranted due process tolling of the post-conviction one-year statute of limitation; and (4) that discovery of the "undisclosed sentence occurred in the past year as a result of writing the Hamilton County Court Clerk and is retroactive for the purpose of tolling the post-conviction statute of limitation." The Petitioner specifically claimed that on August 5, 2019, he requested the judgment, amended judgment, and plea agreement from the trial court clerk, and that he did not receive this information until August 13, 2019.

On October 9, 2019, by written order, the post-conviction court summarily dismissed the petition, finding that the Petitioner's lack of diligence in pursuing his claim precluded him from due process tolling. The post-conviction court relied on the correspondence between the Petitioner and the trial court clerk to establish the Petitioner's awareness of the change in his release eligibility as early as February 2016. Because the Petitioner waited over three years to pursue his claim, the post-conviction court denied due process tolling and summarily dismissed the petition as untimely. The Petitioner filed a timely notice of appeal on November 6, 2019.

## ANALYSIS

On appeal, the Petitioner contends the post-conviction court erred in summarily dismissing his petition for post-conviction relief. He argues the one-year statute of limitations should be tolled because he was unaware of the right to file a petition for post-conviction relief or of the statute of limitations by which to file such a petition; therefore, his untimely filing was through no fault of his own. The State responds that the post-conviction court properly denied the petition because the Petitioner failed to prove any

statutory or due process grounds upon which to justify the tolling of the statute of limitations. Upon review, we agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. Id. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations the trial court must summarily dismiss the petition. Id. § 40-30-106(b). In addition, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Id. § 40-30-109(a) (2006).

In this case, the Petitioner was required to file his post-conviction petition by September 2, 2016. He did not file the petition until September 18, 2019, some three years after the one-year statute of limitation expired. While Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief, none are applicable to this case. Instead, the Petitioner relies on due process considerations to toll the statute of limitations for post-conviction relief and claims his ignorance of post-conviction proceedings and his limited access to legal research materials deprived him the opportunity to have his case heard "due to 'circumstances external to [his] own conduct.'" Whitehead, 402 S.W.3d at 631-32.

A post-conviction petitioner is entitled to due process tolling of the statute of limitations upon a showing "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) (citing Whitehead, 402 S.W.3d at 631). To pursue one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" Id. (quoting Whitehead, 402 S.W.3d at 631). However, due process tolling "'must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Id. (quoting Whitehead, 402 S.W.3d at 631-32). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is

. . . subject to de novo review." Id. at 16 (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)); Whitehead, 402 S.W.3d at 621.

As evidenced by the September 2015 corrected judgment and the correspondence from the trial court clerk, the mandatory 100% service for the offense of rape was omitted from the original judgment form. Tenn. Code Ann. §§ 39-13-503, 40-35-501(i)(1) ("There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%)."). As grounds for tolling, the Petitioner claims he did not know of the 100% service provision until he received the corrected judgment and other relevant documents from the trial court clerk in August 2019. However, the post-conviction court determined that the Petitioner became aware of the corrected judgment including the statutorily mandated 100% service in February 2016. The Petitioner did not petition for post-conviction relief until three years later in September 2019. Under these facts, the Petitioner cannot be said to have diligently pursued his rights as required under the first prong of the Whitehead test. Additionally, to the extent that the Petitioner claims that he was unaware of the post-conviction limitations period, "this Court has long held that ignorance of the existence of a claim that existed when the statute of limitations began to run does not warrant due process tolling." See Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App.1996). The Petitioner has also failed to assert what, if any, extraordinary circumstance prevented him from timely filing his petition for post-conviction relief. Accordingly, due process tolling of the statute of limitations was not warranted, and summary dismissal was proper. The Petitioner is not entitled to relief.

## CONCLUSION

We affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, JUDGE

- 4 -