IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## STATE OF TENNESSEE v. JOEL ANTHONY DAVENPORT

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 224842, 224843, 228372, 228373, 228374, 230342 & 228955     Douglas A. Meyer, Judge**

_____

**No. E2003-01330-CCA-R3-CD**
**October 15, 2003**
_____

The Defendant, Joel Anthony Davenport, pled guilty to multiple counts of passing worthless checks and was sentenced to probation. The Defendant's probation was violated and revoked. Upon revocation, the trial court sentenced the Defendant, and the Defendant asserts that he was sentenced to four years of incarceration, plus an additional year for the count which violated his probation, to be served consecutively to a six year sentence in another county. Accordingly, the Defendant asserts that his sentence was to total eleven years. The Tennessee Department of Corrections report showed that the Defendant was sentenced to fourteen years, not eleven, and the Defendant filed a motion with the trial court to enter an order correcting the "clerical mistake." The trial court denied that motion and the Defendant appeals. Finding no error in the trial court's denial of the Defendant's motion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Joel Anthony Davenport, Petros, Tennessee, Pro Se (on appeal) and William M. Speek, Chattanooga, Tennessee (at trial) for the appellant, Joel Anthony Davenport.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; William H. Cox, District Attorney General; and Rodney C. Strong, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case is made complicated by the numerous counts against the Defendant and the sparsity of the record. Apparently, the Defendant was indicted for and pled guilty to multiple counts of

passing worthless checks pursuant to Tennessee Code Annotated section 39-14-121 (1997). The first two indictments were filed on January 13, 1999, and read as follows:

No. 224842 Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class D Felony) . . .

No. 224843 Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class C Felony) . . . .

Included in the record are judgments for these two offenses, filed on May 18, 1999, both of which indicate that the Defendant pled guilty to the two offenses and was given a suspended sentence of four years and placed on four years of unsupervised probation. The order also indicates that the probation was revoked on September 12, 2001, and that the Defendant was given jail credit from May 23, 2001, until September 12, 2001. Further, the order indicates that these sentences are "to be served consecutive to Bradley County Sentences."

The next set of indictments in the record were filed July 14, 1999, and are as follows:

No. 228372 Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class D Felony) . . .

No. 228373 Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class D Felony) . . .

No. 228374 Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class D Felony) . . . .

On August 11, 1999, another indictment was filed against the Defendant for "No. 228955[1] Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class C Felony) . . . ." On November 10, 1999, another indictment was filed against the Defendant for "No. 230342 Passing Worthless Check Tennessee Code Annotated 39-14-121 (Class D Felony) . . . ."

The judgments for these offenses indicate that the Defendant pled guilty to these offenses on March 13, 2000, and was sentenced to four years of incarceration for each of the offenses, with the sentences suspended, and placed on probation. The judgments also indicate that the sentences for indicted offenses 228372, 224842, 222483,[2] 228373, 228374, 230342 were all to run concurrently

---

[1] There is a discrepancy in the record as to whether this offense is No. 228399 or No. 228955. However, we refer to this offense as No. 228955 because that is the number contained in the indictment and judgment.

[2] There is no indictment in the record for this offense nor is there a judgment indicating the sentence for this offense. However, it is unclear whether the judgment intended to indicate that the sentence was to run concurrently with No. 224843 or whether No. 222843 is another, additional, offense.

to each other and consecutively to the "Bradley County Sentences." These orders also indicate that the probation was revoked on September 12, 2001, and that the Defendant was given jail credit for time served from May 23, 2001 to September 12, 2001.

Also included in the record is a judgment for indicted offense No. 228955, which indicates that the Defendant pled guilty to passing a worthless check and was sentenced to four years of incarceration, which was suspended, and the Defendant was sentenced to four years of supervised probation. This judgment does not indicate whether it is to be served concurrently or consecutively to any other offense. The judgment does indicate that probation was revoked on September 12, 2001 and that the Defendant was given jail credits from May 23, 2001, to September 12, 2001.

On October 9, 2002, the Defendant pled guilty to indicted offense No. 241716 for theft over five hundred dollars. In the transcript of the guilty plea, the Assistant District Attorney General stated:

> He's pleading guilty to theft over $500. This is a one-year sentence to be run concurrently with 237338,[3] which is consecutive to 230342. . . .
>
> And just to clarify, the 230342, [the Defendant] had written a letter to the Court. He was here on a revocation proceeding sometime back. When the Court entered the revocation, he's had a number of cases, I don't have all the numbers in front of me, but the Court – he had a series of cases here, some cases in Bradley County and then another set of cases here in Hamilton County before this.
>
> And when the Court entered the revocation, I think the Court entered it that he was to serve one set of sentences, then serve the Bradley County set, and then serve the new, new cases consecutively to that, which was resulting in a sentence of about 14 years.
>
> When we pled out the cases, the new set of cases, we had announced on the record at that time that all the cases would be – all the Hamilton County cases would be concurrent with each other but consecutive to Bradley County, and that's the way the order should reflect, so that the revocation should not separate those two sets of cases.
>
> I think the result's going to be a ten- or eleven-year sentence now, because it's like a six-year sentence out of Bradley County.

---

[3] There is no indictment in the record for this offense nor is there a judgment indicating the sentence for this offense.

Thereafter, the trial court stated "what I'm going to do is, on 224842, I'll make a notation it is to run concurrent with 224842 and 237338" and then went on to make 224842 and 237338 also concurrent with 224842 and with each other.

On February 7, 2003, the Defendant filed a Motion to Correct Clerical Mistake in the trial court. In that motion the Defendant stated:

> [C]ase 224842 and 224842, originally entered into record on May 18, 1999, were to have cases 228372, 228373, 228374, 228955 and 230342 running concurrent to them, but consecutive to . . . [the] Bradley County [sentence], for a total of ten (10) years on these agreements (subsequently, cases 237338 and 241716 were entered for one (1) year terms run consecutively to the ten (10) years of previous sentences, but concurrently with one another).

Further, the Defendant alleged in the motion that the Tennessee Department of Corrections ("TDOC") inappropriately sentenced him to fifteen years of incarceration. Accordingly, the Defendant requested that the trial court correct the "clerical" error that led the TDOC to inappropriately interpret his sentence. The trial court denied the Defendant's motion, and we affirm that judgment.

## II. Analysis

The Defendant appeals the trial court's denial of his motion to correct clerical mistakes. While the record on appeal includes some of the Defendant's indictments and judgments, the record does not contain: the May 18, 1999, plea agreement; the trial court's order entering the May plea; a transcript of the proceedings where the May plea was entered; the March 13, 2000, plea agreement; the trial court's order entering the March plea; a transcript of the proceedings at which the March plea was entered; the indictment for offenses 237338 and 222483; the judgment or sentence for offenses 237338 and 222483; any reference to whether 228955 was to be served concurrently or consecutively with any of the other offenses; or the order which denied the Defendant's claim for correction of a clerical mistake. It was the duty of the Defendant to provide an adequate record for appellate review. See Tenn. R. App. P. 24(b). "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993); see State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Generally, when the appellate record is inadequate, the appellate court is precluded from considering the issue, and the trial court's ruling is presumed correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Matthews, 805 S.W.2d 776, 748 (Tenn. Crim. App. 1990); State v. Roberts, 755 S.W.2d at 836.

Accordingly, since the record does not include the aforementioned evidence, we are unable to review: all of the indictments; the Defendant's sentence for each; whether the sentences run concurrently or consecutively to each other; and whether the trial court's order contains a clerical

mistake.  We are left with the presumption that "the determinations made by the court from which appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997).  Accordingly, we presume that the trial court correctly denied the Defendant's motion to correct the clerical mistake.

Additionally, the Defendant seemingly challenges the trial court's awarding of jail reduction credits.  As noted by the State, claims of this type must be addressed through the Uniform Administrative Procedures Act.  Tenn. Code Ann. §§ 4-5-101 through -325 (1997).  This court has stated that "if the petitioner is entitled by law to jail credits that he is not receiving, he should proceed under the Administrative Procedures Act."  Brown v. State, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996).

Additionally, the Defendant filed a Petition For Removal From Office against Judge Steven Bebb.  We find that the motion is improperly filed and not well-taken and, therefore, it is denied.

### III.  Conclusion

In accordance with the foregoing, we find that the trial court did not err when it denied the Defendant's motion to correct a clerical mistake.  The judgment of the trial court is, therefore, AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE