IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2010

## MATTHEW MELTON JACKSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sumner County**
**No. 795-2009     Dee David Gay, Judge**

---

**No. M2009-02000-CCA-R3-PC - Filed April 29, 2010**

---

On August 10, 2001, Petitioner, Matthew Melton Jackson, pled guilty in Sumner County Circuit Court to four counts of aggravated robbery. The trial court sentenced Appellant to four, ten-year sentences to be served concurrently with each other, but consecutively to a previous sentence. On August 7, 2009, Petitioner filed a Petition for Post-conviction Relief arguing that a decision of this Court rendered after the entry of his guilty plea created a constitutional right that should be given retroactive application. Alternatively, he also argues that his incarceration in another state required a tolling of the statute of limitations. The post-conviction court summarily dismissed his petition. After a thorough review of the record, we affirm the dismissal of his petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ, JOINED.

Matthew Jackson, Pro Se, Tiptonville, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General, and Ron Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Factual Background*

The post-conviction court set out the following facts in its order dismissing Petitioner's second petition for post-conviction relief:

1. Petitioner was convicted on August 10, 2001, after entering guilty pleas on two (2) counts and best interest pleas on two (2) counts of Aggravated Robbery. He was given four (4) concurrent ten (10) year sentences to serve at the Tennessee Department of Correction at 30%. These four (4) convictions ran concurrently with each other but consecutively to a Robertson County case.

2. On March 24, 2003, this Court denied Petitioner's "Motion for Further Relief and Modification of Judgment", and noted in the Order that "no appeal was taken and no activity has occurred in this matter since the plea in August 2001["]; . . .

3. On May 30, 2003, the Criminal Court of Appeals dismissed Petitioner's appeal stating that "appellant has failed to plausibly explain why he did not timely file a notice of appeal . . . this Court has not been presented with sufficient information to find that the waiver of the notice of appeal is appropriate in this instance."; . . .

4. On June 17, 2003, this court denied Petitioner's "Motion to Vacate and/or Relief from Judgment" – specifically stating in the order of denial that "Defendant attempts to raise the issue of ineffective assistance of counsel . . . even if the Court were to treat this Motion as a Petition for Post-Conviction Relief, the same is time-barred due to the fact that more than a year has elapsed . . ."; . . .

5. On July 14, 2003, this Court denied Petitioner's "Motion to Reconsider Order Denying Motion to Vacate and/or Relief from Judgment["]; . . .

6. On October 7, 2004, the Criminal Court of Appeals affirmed this Court's July 14, 2003 denial of the Petitioner's Motion to Reconsider. The Court of Appeals specifically stated that "The Defendant's convictions long ago became final. The claims by the Petitioner do not demonstrate that he is entitled to habeas corpus relief. If treated as a post conviction petitioner, the claim is barred by the statute of limitations."; . . .

7. On March 14, 2005, Defendant filed an "Application for Permission to file Petition for Relief from Sentence or Conviction." . . .

8. On March 16, 2005, this court denied Petitioner's Application for Post Conviction Relief as being time barred; . . . .

On August 7, 2009, Petitioner filed the instant "Petition for Relief from Conviction or Sentence." The post-conviction court summarily dismissed the petition by written order. In its order, the post-conviction court stated:

[B]ased on T.C.A. § 40-30-102(b)(1), T.C.A. § 40-30-117(1) and [*State v. Franklin*, 130 S.W.3d 789 (Tenn. Crim. App. 2003)], the Court specifically finds as follows: Under <u>Franklin</u>, there was no retroactive application of an unrecognized constitutional right; the first post-conviction relief petition was filed on March 14, 2005, over one year after <u>Franklin</u> was decided; the second post-conviction relief petition was filed on August 7, 2009, over one year after <u>Franklin</u> was decided. It is the **ORDER** of this Court that this Petition for Post Conviction is time-barred by the statute of limitations. T.C.A. § 40-30-102(a).

Petitioner appeals from the post-conviction court's summary dismissal of his petition for post-conviction relief.

## ANALYSIS

Petitioner argues that the trial court incorrectly dismissed his petition. The State argues that the post-conviction court was correct in its dismissal based upon the statute of limitations.

In its order, the post-conviction court stated that the petition was filed outside of the one-year statute of limitations as set out at Tennessee Code Annotated section 40-30-102(a). Since July 1, 1995, the statute of limitations for filing a petition for post-conviction relief has been one year from the date of the final action of the highest state appellate court to which an appeal is taken. T.C.A. § 40-30-102(a).

There are three statutory exceptions to the statute of limitations in post-conviction matters. These exceptions are set forth in Tennessee Code Annotated section 40-30-102(b)(1), (2) & (3): (1) claims based on an appellate court ruling concerning a constitutional right not recognized at the time of the trial and given retroactive effect by the appellate courts; (2) claims based upon newly discovered evidence which establishes that the petitioner is actually innocent of the crime; and (3) claims which arise out of a situation where the petitioner received an enhanced sentence for a crime based on previous convictions which were later held to be invalid.

With regard to Petitioner's argument concerning *Franklin*, we agree with the post-conviction court's order. *Franklin* held "that the proper unit of prosecution for aggravated robbery in Tennessee is the number of thefts rather than the number of victims." 130 S.W.3d at 798. As the post-conviction court stated, we have found no retroactive application of this holding to previously determined cases in our appellate courts.

-3-

In the present case, the post-conviction petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. The post-conviction court properly held that Petitioner failed to show that one of the exceptions to the one-year deadline listed in the statute was applicable.

In addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

*Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), is the most recent in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), analyzing when due process limitations toll the statute of limitations. In *Burford*, the petitioner's sentence was being enhanced by previous convictions that had subsequently been declared invalid, but not in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

> [I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken"-or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations

-4-

occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301. However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court again held that the statute of limitations was tolled by the factual and legal situation of the petitioner. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.*

Petitioner argues that he was incarcerated out-of-state for a time after he pled guilty to the offenses in question and this fact warrants the tolling of the statute of limitations under the *Burford* line of cases.

Petitioner states that shortly after he pled guilty to the charges at hand, he was transferred to another state. He was later returned to Tennessee. Petitioner argues that his transfer to another state supports his argument that due process requires the tolling of the statute. However, prior opinions of this Court specifically state that incarceration in another state is not a ground for tolling of the statute of limitations. *See Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *3 (Tenn. Crim. App., at Knoxville, Feb. 16, 2005), *perm. app. denied*, (Tenn. Sept. 5, 2006) (stating "a petitioner's incarceration in another state does not toll the statute of limitations."); *Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996).

We conclude that Petitioner's due process rights do not require the tolling of the statute of limitations. Therefore, we affirm the post-conviction court's dismissal of the petition for post-conviction relief.

## CONCLUSION

For the foregoing reasons, we affirm the dismissal of the petition by the post-conviction court.


_____
JERRY L. SMITH, JUDGE