IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 26, 2010

## TIMOTHY RAY GENTRY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C55,336    Robert H. Montgomery, Judge**

_____

**No. E2008-02004-CCA-R3-PC - FILED OCTOBER 19, 2010**

_____

The Petitioner, Timothy Ray Gentry, pled guilty to multiple theft, forgery, and drug offenses and received a total effective sentence of eighteen years, eleven months, and twenty-nine days.  The Petitioner filed a petition for post-conviction relief, alleging that his counsel was ineffective and that his guilty pleas were not knowingly and voluntarily made.  The Petitioner acknowledged that his petition was untimely but asserted that due process required the statute of limitations be tolled.  The post-conviction court dismissed the petition without a hearing, and the Petitioner now appeals.  We reverse the ruling of the post-conviction court and remand for a hearing to determine whether due process requires tolling of the statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Clifton Corker, Johnson City, Tennessee, for the appellant, Timothy Ray Gentry.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and H. Greeley Welles, Jr., District Attorney General; for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On January 31, 2007, the Petitioner entered guilty pleas to two counts of theft of property valued over $1,000 but under $10,000; eleven counts of forgery; eleven counts of identity theft; two counts of simple drug possession; and two counts of possession of drug paraphernalia. Pursuant to the plea agreement, the Petitioner was sentenced as a Range III offender to six years for one theft and each forgery conviction, twelve years for one theft and each identity theft conviction, and eleven months and twenty-nine days for each misdemeanor drug-related conviction. The trial court ordered the six-year theft sentence, the twelve-year theft sentence, and one misdemeanor sentence to be served consecutively, with the remaining sentences to be served concurrently, for a total effective sentence of eighteen years, eleven months, and twenty-nine days. Additionally, the plea agreement provided that the Petitioner's Tennessee sentences would be served consecutively to an outstanding sentence in Virginia. Finally, the plea agreement stated that the sentences in all counts are probatable.

On April 25, 2008, the Petitioner filed a pro se petition for early release. On May 2, 2008, the trial court filed an order denying the petition, finding that the Petitioner was in the Tennessee Department of Correction and that the trial court therefore did not have jurisdiction over the Petitioner's sentences.[1] Thereafter, on June 23, 2008, the Petitioner filed a pro se petition for post-conviction relief, alleging that his trial counsel was ineffective and that his guilty pleas were not knowingly and voluntarily entered. The Petitioner acknowledged that his petition was untimely but contended that "trial counsel mislead [sic] petitioner to believe he would be bringing me back in front of the Court to have my sentences suspended. Therefore, I was lead [sic] to believe that he was continuing to represent me on my Tennessee cases while I was in Virginia." The Petitioner alleged that after he was charged in the instant cases, his trial counsel advised him "that if he would take the plea that when he came back to Tennessee (to TDOC) he would then take him back in front of [the trial court] to get his sentence suspended." The Petitioner maintained that when he returned to Tennessee to serve his sentences, he received a letter from trial counsel advising him to file a pro se petition for early release. The Petitioner said he filed his post-conviction petition after his petition for early release was unsuccessful.

The post-conviction court dismissed the petition, finding it to be untimely. The post-conviction court found that "the Petitioner fail[ed] to raise any due process arguments that would require a tolling of the statute of limitations." The court further specifically found that "[b]y law, the Petitioner was not eligible to have his sentence of incarceration suspended, so it would have been an impossibility for Petitioner's sentence of 12 years as a Range III offender to have been suspended as he alleges in his petition." On appeal, the Petitioner

---

[1] The petition for early release is not in the record. However, the order denying the petition provides that the petition was filed on April 25, 2008.

challenges the post-conviction court's ruling, arguing that due process requires that the post-conviction statute of limitations be tolled because he did not file for post-conviction relief within the statute of limitations because he believed he was still being represented by trial counsel.

## II. Analysis

Generally, "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which the petitioner appealed, or, in the event no appeal was taken, within one year of the date the judgment(s) of conviction became final. Tenn. Code Ann. § 40-30-102(a) (2006); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a).

In the instant case, the post-conviction court noted that the Petitioner's judgments of conviction were filed on February 20, 2007, that no appeal was taken before this court, and that, therefore, the Petitioner's judgments became final thirty days after the entry of the judgments of conviction. See State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (holding "that a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry"). The court observed that the post-conviction petition was filed on June 23, 2008, approximately fourteen months after the judgments became final, thus rendering the petition untimely. The court further stated that the petition did not allege any grounds qualifying as an exception to the statute of limitations or requiring due process tolling of the statute of limitations.

As we have stated, the Petitioner concedes that the petition was filed outside the one-year statute of limitations and that his claims do not fall within the exceptions to the statute of limitations set forth in Tennessee Code Annotated section 40-30-102(b). However, the Petitioner contends that he is entitled to due process tolling of the statute of limitations because his incarceration in Virginia meant he "did not have access to Tennessee statutes, case laws, and form[s]" to help him file a post-conviction petition. This claim is unavailing because this court has held that "a petitioner's incarceration in another state does not toll the statute of limitations." Jason Earl Hill v. State, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *3 (Tenn. Crim. App. at Knoxville, Feb. 16, 2005) (citing Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996)).

-3-

The Petitioner also contends that due process concerns mandate tolling of the statute of limitations. Our supreme court has held that due process may require the statute of limitations to be tolled in cases where its strict application would deny the petitioner "'a reasonable opportunity to assert a claim in a meaningful time and manner.'" Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)). The Petitioner's claim is at least marginally supported by the plea agreement, which indicates that all of the Petitioner's sentences were probatable. Therefore, we conclude that the post-conviction court erred by summarily dismissing the petition as untimely.

### III. Conclusion

Accordingly, we reverse the judgment of the post-conviction court and remand this case for the appointment of counsel and for an evidentiary hearing regarding whether due process considerations require that the statute of limitations should be tolled.

_____
NORMA McGEE OGLE, JUDGE