# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### April 17, 2012 Session

## JUAN CANTU v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Putnam County**
**No. 06-0704A     David A. Patterson, Judge**

---

**No. M2011-02506-CCA-R3-PC - Filed June 18, 2012**

---

In June of 2008, petitioner, Juan Cantu, entered a guilty plea to conspiracy to sell more than twenty-nine grams of cocaine. The trial court suspended petitioner's sentence and placed him on probation for ten years.  Agents from the United States Immigration and Customs Enforcement ("ICE") detained petitioner at his home on May 17, 2011, before transferring him to a detention facility in Louisiana.  Petitioner filed a petition for post-conviction relief on September 30, 2011, alleging ineffective assistance of counsel for trial counsel's failure to advise him that pleading guilty would result in deportation.  On the State's motion, the post-conviction court dismissed the petition based on the one-year statute of limitations set forth in Tennessee Code Annotated section 40-30-102(a).  In summarily dismissing the petition, the post-conviction court determined that the United States Supreme Court's decision in *Padilla v. Kentucky*, — U.S. —, 130 S. Ct. 1473 (2010),  was inapplicable to petitioner's case, and as such, the petition was untimely filed.  To overcome the statute of limitations, petitioner argues on appeal that *Padilla* should be applied retroactively. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Bawer J. Tayip, Nashville, Tennessee, for the appellant, Juan Cantu.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Randall A. York, District Attorney General; and Douglas E. Crawford, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner clearly filed his petition for post-conviction relief outside the one-year statute of limitations established by Tennessee Code Annotated section 40-30-102(a). The pivotal question before us is whether the United States Supreme Court's opinion in *Padilla* excuses the untimeliness of his petition and mandates consideration of his claim of ineffective assistance of counsel.

Our legislature has emphasized the importance of a timely-filed petition for post-conviction relief, stating that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a) (2006). A court cannot consider a petition filed after the expiration of the limitations period unless it falls within one of the statutorily-defined exceptions found in Tennessee Code Annotated section 40-30-102(b) or due process concerns mandate tolling of the statute. Tenn. Code Ann. § 40-30-102(b) (2006); *Williams v. State*, 44 S.W.3d 464, 471 (Tenn. 2001).

Petitioner's claim for post-conviction relief is based upon trial counsel's alleged failure to inform him, prior to entering the guilty plea, of the ensuing possibility of deportation. The *Padilla* Court held that counsel rendered deficient performance by failing to advise Padilla that his guilty plea would subject him to deportation. *Padilla*, — U.S. at —, 130 S. Ct. at 1483. Relying on *Teague v. Lane*, 489 U.S. 288 (1989), petitioner argues that *Padilla* announced an "old" rule of law and that "old" rules of law require retroactive application. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) ("[I]t can hardly be said that recognizing the right to effective counsel 'breaks new ground or imposes a new obligation on the States.'").

We need not employ an analysis of whether *Padilla* announced a new rule of law or simply extended an old rule. Neither must we determine whether, if *Padilla* is a new rule of law, retroactive application is necessary. We emphasize and adhere to our recent holding that "[w]hile we conclude that the requirement established in *Padilla* was a new rule of law, retroactive application of the rule . . . is not warranted." *Rene S. Guevara v. State*, No. W2001-00207-CCA-R3-PC, 2012 WL 938984, at *3 (Tenn. Crim. App. March 13, 2012). We further held:

> Such a rule would only apply retroactively to cases on collateral review when either (1) the rule placed conduct beyond the power of the criminal law-making authority or (2) the rule established a watershed rule of criminal procedure that implicated the fundamental fairness of the trial. Requiring

counsel to advise a petitioner about the deportation consequences of pleading guilty does not implicate either exception.

*Id.* (internal citations omitted). Based on our prior holding, petitioner is not entitled to relief pursuant to *Padilla*.

Even if *Padilla* applied to preserve the claims in petitioner's untimely petition for collateral review, the petition in this case would nevertheless be subject to summary dismissal. One of the statutory exceptions to strict application of the statute of limitations is invoked when a "claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial[.]" Tenn. Code Ann. § 40-30-102(b)(1) (2006). The United States Supreme Court issued the *Padilla* opinion on March 31, 2010. Petitioner did not file the instant petition until September 30, 2011. Any relief from the statute of limitations that *Padilla* could have provided petitioner is obviated by his failure to file the petition for post-conviction relief in a timely manner. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996) ("Ignorance of the statute of limitations is not an excuse for late filing," even when the petitioner claims that he did not know about the change in the law due to incarceration in another state); *Passarella v. State*, 891 S.W.2d 619, 624-25 (Tenn. Crim. App. 1994), *superseded by statute on other grounds as stated in State v. Steven S. Newman*, No. 02C01-9707-CC00266, 1998 WL 104492 (Tenn. Crim. App . March 11, 1998) ("This Court refuses to engraft a discovery rule over the statute of limitations in post-conviction cases.").

After a thorough review of the briefs filed and applicable case law, we hold that petitioner is not entitled to relief. Accordingly, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE