IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 16, 2013

**CLAYTON BEZUIDENHOUT v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Williamson County**
**No. CR095937      James G. Martin, III, Judge**

_____

**No. M2012-01114-CCA-R3-PC - Filed May 13, 2013**

_____

The Petitioner, Clayton Bezuidenhout, appeals from the Williamson County Circuit Court's summary dismissal of his petition for post-conviction relief from his 2009 guilty plea to theft of property valued at more than $500 but less than $1000. He contends that the trial court erred by concluding that the petition was untimely and that the one-year statute of limitations was not tolled. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., and PAUL G. SUMMERS, SR.J., joined.

Bawer Jamil Tayip, Nashville, Tennessee, for the appellant, Clayton Bezuidenhout.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Smith, Associate Deputy Attorney General; and Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner, a foreign national from South Africa, pleaded guilty to theft of property on November 3, 2009, and received a one-year sentence. He filed his petition for post-conviction relief on September 28, 2011, alleging that he was denied the effective assistance of counsel on the ground that counsel did not advise him of immigration consequences that might result from his guilty plea. He argued that *Padilla v. Kentucky*, — U.S. —, 130 S. Ct. 1473 (2010), retroactively applied in post-conviction proceedings. Also, he claimed that due process principles required tolling the statute of limitations. The trial court dismissed the petition as untimely and concluded that *Padilla* did not apply retroactively. This appeal followed.

A petition for post-conviction relief must be filed within one year of the final action by the highest state appellate court to which an appeal is made or within one year of the trial court's judgment becoming final. T.C.A. § 40-30-102(a) (2012). The statute provides for tolling the post-conviction statute of limitations in limited circumstances, one of which is if:

> The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

*Id.* § 40-30-102(b)(1). In addition, principles of due process may allow tolling the statute of limitations in limited circumstances. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.").

In *Padilla*, the United States Supreme Court held that an attorney's failure to advise a defendant that his guilty plea to an offense for which federal immigration law provided for deportation was deficient performance, the first prong of an ineffective assistance of counsel claim. *Padilla*, 130 S. Ct. at 1483-84; *see Strickland v. Washington*, 466 U.S. 668 (1984). *Padilla* also stands for the proposition that when the consequences of criminal charges are not clear, an attorney must advise his client of the risk of adverse immigration consequences. *Padilla*, 130 S. Ct. at 1483. The Court rejected the notion, to which several state courts and federal circuits subscribed, that for the purposes of defining counsel's obligation to provide effective assistance, a distinction could be drawn between direct and collateral consequences of criminal proceedings in cases involving immigration issues. *Id.* at 1481. Before the *Padilla* decision, Tennessee was one of the jurisdictions that held that because deportation was a collateral consequence of a guilty plea, an attorney's performance was not deficient for failing to advise his client of that consequence. *See Bautista v. State*, 160 S.W.3d 917, 921-22 (Tenn. Crim. App. 2004).

The Supreme Court recently concluded that although *Padilla* announced a new rule of law, it was not to be applied retroactively. *Chaidez v. United States*, — U.S. —, 133 S. Ct.1103 (2013). Because *Padilla* does not apply retroactively, the statutory exception to the post-conviction statute of limitations for a new rule of constitutional law does not apply. *See* T.C.A. § 40-30-102(b)(1).

If the Petitioner is entitled to have his claim considered on its merits, due process must require tolling the statute of limitations. Due process requires a weighing of the petitioner's liberty interest against the State's interest in preventing the litigation of stale and fraudulent claims. *Sample v. State*, 82 S.W.3d 267, 273-74 (Tenn. 2002). To determine if due process requires tolling of the statute of limitations, our supreme court has provided a three-step test:

> (1) determine when the limitations period would normally have begun to run;

> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and

> (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

This court has rejected arguments that the statute of limitations should be tolled on due process grounds for a *Padilla* claim because it is not "later arising" and it exists at the time of a defendant's guilty plea. *See, e.g., Ivano Stamegna*, slip op. at 8. Lack of knowledge or late discovery of a claim does not make it "later arising." *See, e.g., Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). If the Petitioner is entitled to due process tolling, it must be on a basis other than his *Padilla* claim.

Considering the *Sands* factors, we note that the Petitioner entered his guilty plea on November 3, 2009, and the judgment became final thirty days later on December 3, 2009. The Petitioner's ineffective assistance claim existed at the time of the guilty plea, and nothing prevented him from filing his petition for post-conviction relief within the limitations period. Although the Petitioner may not have known that his guilty plea might affect his immigration status, he has not alleged that the relevant immigration law did not exist when he pleaded guilty. *See Ricardo Rodriguez v. State*, No. M2011-02068-CCA-R3-PC, slip op. at 10 (Tenn. Crim. App. Sept. 27, 2012) (concluding that although the petitioner was unaware of the deportation consequences of his guilty plea, the claim existed at the time he entered his guilty plea and was not later-arising). We conclude that the Petitioner failed to show a later-arising ground for relief that permitted the trial court's tolling the statute of limitations on due process grounds.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE