IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2014

**MILBURN L. EDWARDS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P-18666     Honorable Lee V. Coffee, Judge**

---

**No. W2013-01886-CCA-R3-PC  -  Filed August 13, 2014**

---

The Petitioner, Milburn L. Edwards, appeals the Shelby County Criminal Court's summary dismissal of his second pro se petition for post-conviction relief.  After reviewing the record in this case, we conclude that the summary dismissal of the petition was proper and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Accordingly, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN, J., and JEFFREY S. BIVINS, S.J., joined.

Milburn L. Edwards, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

On February 3, 1982, the Petitioner, Milburn L. Edwards, entered a guilty plea in Shelby County Criminal Court to two counts of rape, three counts of robbery, one count of robbery with a deadly weapon, four counts of burglary, one count of attempted burglary, one count of first degree criminal sexual conduct, one count of assault with intent to commit criminal sexual conduct, and one count of a crime against nature, and he received an effective sentence of ten years.  Milburn L. Edwards v. State, No. 2000-00043-CCA-R3-PC, 2001 WL 293008, at *1 (Tenn. Crim. App. Mar. 27, 2001), perm. app. denied (Tenn. Sept. 17, 2001).  In 1987, the Petitioner was paroled on this sentence.  Milburn L. Edwards v.

<u>State</u>, No. M2002-02124-CCA-R3-PC, 2003 WL 23014683, at *16 (Tenn. Crim. App. Dec. 15, 2003).

In 1991, the Petitioner was convicted by a Davidson County Criminal Court jury of twenty-one counts of rape, two counts of first-degree burglary, two counts of aggravated burglary, one count each of second-degree burglary, aggravated rape, assault with intent to commit rape, and robbery, and the trial court sentenced him to an effective sentence of life plus 415 years. <u>State v. Edwards</u>, 868 S.W.2d 682, 685 (Tenn. Crim. App. 1993). In sentencing the Petitioner for his 1991 convictions, the trial court considered the Petitioner's 1982 convictions to establish his offender classification, and therefore, his sentencing range. <u>Id.</u> at 701. On direct appeal, this court affirmed the Petitioner's convictions but modified his sentence to life plus 195 years. <u>Id.</u> at 705.

On June 23, 1997, the Petitioner filed a pro se post-conviction petition challenging his 1982 convictions. <u>Milburn L. Edwards</u>, 2001 WL 293008, at *1 [I, 38-39]. The Petitioner argued that his petition was not untimely because due process considerations tolled the statute of limitations pursuant to <u>Burford v. State</u>, 845 S.W.2d 204 (Tenn. 1992). The Petitioner, in addition to raising other issues, alleged that his guilty plea was unknowing and involuntary and that the trial court failed to inform him of the privilege against self-incrimination. <u>Milburn L. Edwards</u>, 2001 WL 293008, at *4. The Petitioner was appointed counsel. The post-conviction court, after conducting an evidentiary hearing to determine whether the post-conviction petition was barred by the statute of limitations, filed a written order denying relief. <u>Id.</u> In its conclusions of law, the court held that the Petitioner's June 23, 1997 post-conviction petition was time-barred:

> In regard to the first step [in <u>Burford</u>], determining when the statute of limitations would normally have begun to run, at the time of Petitioner's guilty pleas in 1982 there was no statute of limitations on when a Petition for Post-Conviction Relief could be brought. On July 1, 1986, the Tennessee Legislature enacted T.C.A. [§] 40-30-102, the Post-Conviction Petition Act, [which] established a three[-]year statute of limitations on post-conviction petitions. Any claim arising from a conviction prior to July 1, 1983, the statute of limitations was deemed to have begun to run on July 1, 1986, so that the statute of limitation[s] would have expired by July 1, 1989.

> In regard to the second step [in <u>Burford</u>], as to whether the grounds for relief actually arose after the limitations period would normally have commenced, the grounds for relief arose at the time Petitioner entered his guilty plea on February 3, 1982. Therefore, in the instant case, the grounds

were not "later arising" and there is no need to address the third step to determine whether the Petition comes under the <u>Burford</u> exception.

The post-conviction court found that because the statute of limitations began to run on July 1, 1986, and expired three years later on July 1, 1989, the Petitioner's June 23, 1997 post-conviction petition was untimely. <u>Id.</u> at *2. On appeal, this court affirmed the judgment of the post-conviction court. <u>Id.</u> at *4.

On June 7, 2013, the Petitioner filed his second pro-se post-conviction petition, again challenging his 1982 convictions. In it, he alleged that his guilty pleas were involuntary and unknowing because the trial court and his attorney failed to advise him of his right against self-incrimination. The Petitioner argued that due process considerations tolled the statute of limitations because his claim did not arise until the Davidson County Criminal Court used his 1982 convictions to determine his offender classification for his 1991 convictions [I, 29]. He also argued that his claim was not waived or previously determined because appointed counsel who represented him on his first post-conviction petition failed to present this due process argument at the trial court level or on appeal. On June 20, 2013, the post-conviction court summarily dismissed the petition on the grounds that this claim had been previously determined and that due process considerations did not toll the statute of limitations. The Petitioner filed a timely notice of appeal.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The post-conviction court may summarily dismiss a petition for post-conviction relief, without a hearing and without appointing counsel, if a petition is not filed within the statute of limitations:

> If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed in the court of conviction or within the time set forth in the statute of limitations, or that a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition. . . .

<u>Id.</u> § 40-30-106(b).

Although the Petitioner acknowledges that he filed his second petition outside the statute of limitations, he asserts that due process considerations require tolling the statute of limitations. A court may consider an untimely petition for post-conviction relief if a Petitioner would be denied due process by applying the statute of limitations. <u>Burford</u>, 845

S.W.2d at 210. In Seals v. State, the Tennessee Supreme Court explained the rationale for due process tolling:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

23 S.W.3d 272, 277-78 (Tenn. 2000) (quoting Burford, 845 S.W.2d at 207) (internal citations omitted).

In determining whether due process requires tolling the statute of limitations, a court must:

> (1) determine when the limitations period would have normally have begun to run;
>
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
>
> (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). For the last requirement, a court must weigh the petitioner's interest in collaterally attacking constitutional violations against the state's interest in preventing the litigation of fraudulent or stale claims. Id. Ignorance of or late discovery of a claim does not create a "later-arising" claim. Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); Antonio Angel Onate v. State, No. M2013-00531-CCA-R3-PC, 2013 WL 4677697, at *3 (Tenn. Crim. App. Aug. 28, 2013); Clayton Bezuidenhout v. State, No. M2012-01114-CCA-R3-PC, 2013 WL 1965992, at *2 (Tenn. Crim. App. May 13, 2013).

In this case, the Petitioner argues that the statute of limitations should be tolled because his claim did not come to light until his 1982 convictions were used to determine his offender classification for his 1991 convictions. Applying the first factor in Sands, we note that the Petitioner entered his guilty plea on February 3, 1982, and pursuant to Tennessee Code Annotated section 40-30-102 (1986) (repealed 1995), the statute of limitations began

-4-

to run on July 1, 1986, and expired on July 1, 1989. The Petitioner filed his instant petition on June 7, 2013, more than twenty-three years after the statute of limitations expired. Applying the second factor in Sands, we conclude that the Petitioner's claim about not being informed of his right against self-incrimination existed at the time of his guilty plea, and there was no evidence that the Petitioner was prevented from filing a petition within the statute of limitations period. While the Petitioner may not have been aware that his 1982 convictions could affect his offender classification for later convictions, namely his 1991 convictions, he does not claim that the law regarding offender classification did not exist at the time he entered his guilty plea in 1982. See T.C.A. §§ 40-35-106, -107, -109(c) (1982). Consequently, we conclude that the Petitioner has failed to establish a "later-arising" claim that justifies tolling the statue of limitations on due process grounds. See Jason Earl Hill v. State, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *3 (Tenn. Crim. App. Feb. 16, 2005) (concluding petitioner's claim, that he did not know that his convictions could be used to enhance a subsequent sentence until the convictions were used to enhance his federal sentence, did not toll the statute of limitations because the petitioner's ground for relief existed at the time of his guilty plea); George Todd v. State, No. M1999-00976-CCA-R3-PC, 2000 WL 1130363, at *1 (Tenn. Crim. App. July 28, 2000) (affirming dismissal of the post-conviction petition as time-barred when the petitioner stated that he believed he would be automatically paroled after serving thirty-five percent of his sentence and was not aware that parole was discretionary until the parole board denied him parole after the expiration of the statute of limitations); Howard Templeton v. State, No. 01C01-9406-CC-00220, 1995 WL 2995, at *1 (Tenn. Crim. App., at Nashville, Jan. 3, 1995) ("The petitioner's lack of knowledge that he had grounds for a petition for post-conviction relief until after the statute of limitations had run cannot defeat the application of the statute of limitations."). Because we have determined that the Petitioner's claim is not "later-arising," we need not address the third factor in Sands. The Petitioner has failed to show that the statute of limitations should be tolled for due process considerations; therefore, the judgment of the post-conviction court is affirmed.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case meets the criteria outlined in Rule 20. The judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE