
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2017

## TORNITA N. CRENSHAW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-591      Steve R. Dozier, Judge**

_____

### No. M2016-01045-CCA-R3-ECN

_____

In 2008, a jury found the Petitioner, Tornita N. Crenshaw, guilty of two counts of aggravated robbery, one count of aggravated burglary, one count of especially aggravated kidnapping, and one count of coercion of a witness. The jury also convicted three co-defendants related to these offenses. On joint direct appeal, this Court affirmed the Petitioner's convictions. *See State v. Lance Sandifer, Stephon Dante Cunningham, Tornita Crenshaw, & Glenard Thorne*, No. M2008-02849-CCA-R3-CD, 2010 WL 5343202, at *1 (Tenn. Crim. App., at Nashville, Dec. 21, 2010), *perm. app. denied* (Tenn. May 26, 2011). On April 11, 2016, the Petitioner filed a petition for a writ of error coram nobis alleging numerous errors. The trial court issued an order on April 25, 2016, dismissing the petition as time-barred. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Tornita N. Crenshaw, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Glenn R. Funk, District Attorney General; and Rachel M. Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

A Davidson County jury convicted the Petitioner of two counts of aggravated robbery, one count of aggravated burglary, one count of especially aggravated kidnapping, and one count of coercion of a witness, and the trial court sentenced her to an

effective sentence of twenty-three years. The case arose out of the Petitioner and her co-defendants breaking into the victims' residence in November 2006. The victims had a recording studio in the residence, and the Petitioner and co-defendants, Lance Sandifer, Stephon Dante Cunningham, and Glenard Thorne, stole the equipment and sexually assaulted both victims while in the residence. On direct appeal, this Court summarized the Petitioner's participation while in the victims' house as follows:

> Throughout the sexual assaults, Sandifer was brandishing a weapon, and Appellants were carrying recording equipment and various items out of the apartment. Appellants were trading the weapons back and forth amongst themselves. While she was being raped, A.B.[1] stated that [the Petitioner] came into the room and said, "Damn, you guys have her naked." [The Petitioner] smirked as she spoke. [The Petitioner] also pointed a gun at A.B.'s head during the rapes and demanded R.N.'s car and alternatively A.B.'s car. A.B. stated that the three other Appellants were laughing and joking about her situation while they carried the recording equipment out to the cars in the parking lot.

> When A.B. returned to the living room from changing her clothes, R.N. was tied to a chair. R.N. testified that Appellants tied him to the chair with electrical cord. Sandifer and Cunningham were beating R.N. [The Petitioner] forced A.B. to strike R.N.

> Thorne asked A.B. if she wanted to leave with them. Because A.B. was fearful that Appellants would kill her if she stayed behind, she asked where they were going. [The Petitioner], who was holding a gun at the time, stated that A.B. was coming with them. Cunningham and [the Petitioner] led A.B. to her own car and placed her in the backseat. When A.B. left the apartment with Cunningham and [the Petitioner], R.N. was still tied to the chair. R.N. overheard Sandifer and Thorne arguing about whether to shoot him. R.N. was able to work his way out of the electrical cord and ran out of a back door in the apartment. Shortly thereafter, Thorne accidentally shot himself in the foot when he put the gun into the waistband of his pants. While Cunningham, [the Petitioner], and A.B. were leaving the apartment, A.B. heard the gunshot and thought that Sandifer and Thorne had shot R.N.

*See State v. Lance Sandifer, Stephon Dante Cunningham, Tornita Crenshaw, & Glenard Thorne*, No. M2008-02849-CCA-R3-CD, 2010 WL 5343202, at *1 (Tenn. Crim. App., at Nashville, Dec. 21, 2010), *perm. app. denied* (Tenn. May 26, 2011). Co-defendant

---

[1] In order to protect the privacy of the victims this Court referenced them by their initials.

Cunningham and the Petitioner held A.B. against her will while Thorne and Sandifer went to the hospital seeking treatment for Thorne's self-inflicted gunshot wound. Co-defendant Cunningham and the Petitioner forced the victim to use her credit card to pay for a hotel room that night and forced her to use her ATM to access money for them the following day before ultimately releasing A.B. *Id.* On appellate review, this Court affirmed all of the defendants' convictions and sentences. *Id.*

The Petitioner, *pro se*, filed a petition for writ of error *coram nobis* on April 11, 2016. She raised numerous claims including: her attorney advised her to withdraw her post-conviction petition because the State had agreed to drop the kidnapping charge, she was not present at her sentencing hearing and thus her due process rights were violated, her case was not severed as her attorney requested, her police interview was conducted without the permission of her foster parents and was coerced, the trial court improperly used her prior arrest history to enhance her sentence, two trial witnesses committed perjury or contradicted themselves, her case should not have been transferred from juvenile court to criminal court, and she should have been provided with a copy of the trial transcript because she is indigent.

After review of the petition, the trial court filed an order denying relief. In its order dated, April 25, 2016, the trial court made the following findings:

> Here, the Petitioner's motion was filed outside of the one (1) year statute of limitations and is therefore time-barred. The Court finds that due process considerations do not preclude the application of the limitations period. In addition, before the [P]etitioner is entitled to relief based upon newly discovered evidence, it must be established, and the trial court must find, that the subsequently or newly discovered evidence "may have resulted in a different judgment had it been presented at the trial." Tenn. Code Ann. § 40-26-105. However, the Court respectfully finds that all of the issues the [P]etitioner describes do not fall within the realm of newly discovered evidence, and were or could have been litigated at the trial of this case, or on the motion for new trial, or on appeal. Further, absent the issues that were litigated, none of the specified evidence alleged in the petition would have resulted in a different judgment had it been presented at trial.

(Citation omitted). It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner argues that the trial court erred when it dismissed her petition for a writ of error *coram nobis* because newly discovered evidence entitles her to relief. The Petitioner submits that the newly discovered evidence in his case includes consecutive sentencing despite her age at the time of the offense, the absence of parental presence during her police interview, and her attorney's deficient representation. The State responds that the trial court correctly dismissed the Petitioner's claim as untimely because neither the evidence the Petitioner claims existed during the limitations period nor the stated grounds for relief constitute "newly discovered evidence." We agree with the State.

Tennessee Code Annotated section 40-26-105 (2012) provides:

> There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which are litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

It is well-established that the writ of error *coram nobis* "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the *coram nobis* court. *See State v. Hart*, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. *See State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

A petition for a writ of error *coram nobis* must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. This statute of limitations "is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010); *see Mixon*, 983 S.W.2d at 670 ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings."). In the present case, the judgment became final in June of 2007. The Petitioner did not file this petition for writ of error *coram nobis* until April 11, 2016, more than eight years later.

The one-year statute of limitations for a petition for writ of error *coram nobis* may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. *Harris*, 301 S.W.3d at 145. In determining whether the statute should be tolled, the court must balance a petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Id.* Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule requires three steps:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 299, 301 (Tenn. 1995). As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration. *Seals v. State*, 23 S .W.3d 272 (Tenn. 2000). Discovery of or ignorance to the existence of a claim does not create a "later-arising" claim. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994).

None of the Petitioner's claims are "later-arising" because the grounds for relief existed at the time of the Petitioner's trial. The Petitioner identifies nothing in the record that was not known to her at the time of trial or shortly thereafter. All of the Petitioner's allegations could have been litigated at the trial of this matter or in a post-conviction proceeding; therefore, the Petitioner has failed to show that her claims are "later-arising." As to the Petitioner's claims that her attorney was ineffective, we note that ineffective assistance of counsel is not a cognizable *coram nobis* claim. *See Domingo Ponce v. State of Tennessee*, No. M2004-02257-CCA-R3-CO, 2005 WL 1303125, at *3 (Tenn. Crim. App. May 31, 2005) (stating that ineffective assistance of counsel is not an appropriate ground for relief pursuant to a writ of error coram nobis), *no perm. app. filed*.

Because the Petitioner's claim is not "later-arising," we do not address the third step in the analysis, namely the reasonableness of the delay. *See Sands*, 903 S.W.2d at 301. The Petitioner has failed to demonstrate that the statute of limitations should be tolled in this case; therefore, we conclude that the trial court properly dismissed his untimely petition for *coram nobis* relief. *See id.* The Petitioner is not entitled to relief.

### III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE