IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2024

## KENYON DEMARIO REYNOLDS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 124117    Steven W. Sword, Judge**

_____

### No. E2023-01441-CCA-R3-PC

_____

The Petitioner, Kenyon Demario Reynolds, appeals from the Knox County Criminal Court's denial of post-conviction relief from his convictions for second degree murder, delivery and sale of a Schedule I controlled substance, and unlawful possession of a firearm. On appeal, the Petitioner contends that the post-conviction court erred by denying relief on his ineffective assistance of counsel claim. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and JILL BARTEE AYERS, J., joined.

Jackson M. Fenner, Knoxville, Tennessee, for the appellant, Kenyon Demario Reynolds.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Charme P. Allen, District Attorney General; and Greg Eshbaugh, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner's convictions relate to the sale and distribution of a Schedule I controlled substance that resulted in the victim's death. On July 2, 2015, the victim telephoned Justin Lee, with whom she had a "close relationship," requesting that he obtain heroin for her. Mr. Lee telephoned the Petitioner and arranged to purchase the heroin. The Petitioner supplied the heroin, advising Mr. Lee that it "was very strong." Mr. Lee gave the victim a "little over half" of the heroin he received from the Petitioner. The next day, the victim's mother found the victim unconscious. Despite efforts to revive the victim, she

died. The victim's arms showed track marks and other evidence of drug use. Police officers questioned Mr. Lee about the victim's death, and Mr. Lee agreed to assist officers with a controlled buy from the Petitioner, during which the Petitioner left heroin in Mr. Lee's mailbox. As a result, officers arrested the Petitioner, who admitted that he distributed heroin and sold drugs to Mr. Lee before the victim's death. The victim's autopsy report listed the cause of death as "heroin intoxication" and the manner of death as an "accident."[1] The blood and toxicology reports confirmed that the victim's body was metabolizing heroin at the time of her death. *See State v. Kenyon Demario Reynolds*, No. E2021-00066-CCA-R3-CD, 2022 WL 1741266, at *1-4 (Tenn. Crim. App. May 31, 2022).

The Petitioner filed a pro se petition for post-conviction relief, alleging that he received the ineffective assistance of trial counsel because of his counsel's failure to address at the trial how the Petitioner could be convicted of murder if the medical examiner found the victim's manner of death was accidental. Post-conviction counsel was appointed to represent the Petitioner.

At the post-conviction hearing, trial counsel testified that he met with the Petitioner on more than ten occasions and that he stipulated at the trial to the Petitioner's prior convictions regarding the possession of a firearm by a convicted felon. Counsel said that he did not ask the State's medical examiner to elaborate on the victim's accidental manner of death and that he did not consult with any independent medical experts regarding the victim's cause of death. Counsel stated that he cross-examined the State's scientific expert, who testified that heroin had metabolized into morphine in the victim's bloodstream at the time of her death, but that he did not ask if the expert could connect the heroin in the victim's bloodstream with the Petitioner. Counsel stated that he did not consult an independent expert regarding the metabolization of heroin into morphine and that he did not recall asking Mr. Lee whether he added anything to the heroin before giving it to the victim or whether anyone other than the Petitioner had provided drugs to Mr. Lee. Counsel said he discussed with the Petitioner whether the Petitioner should testify at the trial and advised him against testifying. Counsel said he did not have an independent drug test conducted.

On cross-examination, trial counsel testified that he had extensive discussions with the Petitioner regarding the benefits and risks of testifying at the trial. Counsel stated that by stipulating to the Petitioner's prior convictions, including a prior felony drug conviction, he hoped to preclude the State from introducing specific facts regarding those convictions.

---

[1] Second degree murder is in this matter is defined as a "[k]illing of another that results from the unlawful distribution of any Schedule I or Schedule II drug, when the drug is the proximate cause of the death of the user[.]" T.C.A. § 39-13-210(a)(2). "The requisite mens reas for second degree murder under this provision is that 'the killing be done recklessly as a result of unlawful distribution of a Schedule I or Schedule II drug.'" *State v. Tommy Lynn Rutherford*, No. E2019-00063-CCA-R3-CD, 2020 WL 587078, at *9 (Tenn. Crim. App. Feb. 5, 2020) (citing T.C.A. § 39-13-210, Sentencing Comm'n Cmt.).

Counsel acknowledged that the State cross-examined the Petitioner regarding his criminal history. Counsel stated that the State did not have to prove the Petitioner intended the victim's death and that he cross-examined the State's expert regarding the victim's cause and manner of death. Counsel stated he was familiar with the Tennessee Bureau of Investigation's (TBI) testing procedures and, after reviewing documents relating to the TBI's chain of custody and laboratory reports, he found no evidence that the TBI mishandled the evidence or conducted inadequate testing.

The post-conviction court denied relief. The court noted that the testimony at the post-conviction hearing addressed the following issues which were not presented in the post-conviction petition: (1) trial counsel's decision to stipulate to the Petitioner's prior criminal history; (2) counsel's decision not to obtain an independent toxicology expert; and (3) counsel's discussion with the Petitioner regarding whether the Petitioner should testify at the trial. Although the court credited counsel's testimony, it noted that the "sole argument outlined in [the] written petition is that his attorney was ineffective in how he handled the finding by the medical examiner that the victim's death was an 'accident,' and thus not a homicide." *See* T.C.A. § 40-30-110-(c). The court further noted that there was "no further specificity raised in the petition as to the exact complaint." The court found that "the Petitioner ha[d] failed to show by clear and convincing evidence that his counsel was deficient in his performance concerning how he addressed the medical examiner's findings[,]" that "[t]he Petitioner ha[d] not presented any expert proof that would demonstrate any other opinions than those presented by the experts at trial[,]" and that "the Petitioner [had] not presented any specific evidence as to what [counsel] could or should have done differently." The court concluded that the Petitioner failed to show that his counsel's performance was deficient or that any alleged deficiency prejudiced the Petitioner at the trial. This appeal followed.

The Petitioner contends that the post-conviction court erred in denying relief on his ineffective assistance of counsel claim. He argues that his trial counsel was ineffective for (1) failing to address how the Petitioner could be convicted of second degree murder if the medical examiner determined that the victim's manner of death was accidental; (2) failing to hire an independent expert to explain the metabolizing of heroin; and (3) failing to cross-examine the State's scientific expert about whether the drugs found in the victim's bloodstream were the same drugs that the Petitioner gave to Mr. Lee. The State counters that the Petitioner has waived any claims not raised in his post-conviction petition and that the Petitioner has not proved counsel's performance was deficient for failing to call an independent expert.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding

-3-

on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"As a general rule, this court will not address post-conviction issues that were not raised in the petition or addressed in the trial court." *Brown v. State*, 928 S.W.2d 453, 457 (Tenn. Crim. App. 1996); *see* T.C.A. § 40-30-106(g) (2018) (providing that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with limited exceptions). We agree with the post-conviction court that the only issue presented in the petition is whether the Petitioner's trial counsel was ineffective for failing to address how the Petitioner could be convicted of second degree murder if the medical examiner determined that the victim's manner of death

was accidental.  The Petitioner's other issues on appeal are waived because they were not raised in the petition for relief or ruled upon by the post-conviction court.

The Petitioner argues that the medical examiner's finding, that the manner of death was an accident, "introduced doubt to the proceedings."  At the post-conviction hearing, trial counsel testified that he cross-examined the medical examiner, who was "very clear as to cause of death" and about the limits of what her testing showed.  The post-conviction court noted that the Petitioner failed to present expert proof at the hearing and that the Petitioner failed to present any specific evidence as to what his counsel could or should have done differently.

Neither this court nor a post-conviction court may speculate about the substance of any witness testimony which is not introduced at the evidentiary hearing.  *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).  We must defer to the post-conviction court's findings of fact "unless the evidence in the record preponderates against those findings."  *Henley*, 960 S.W.2d at 578; *see Fields*, 40 S.W.3d at 456-57.  The post-conviction court found that the Petitioner failed to establish deficient performance or prejudice by clear and convincing evidence.  The evidence does not preponderate against the post-conviction court's finding.  The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-5-